## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

_____
)
THE HOLMES GROUP, INC.,     )
)
     Plaintiff,     )     CA No. 05-CV-11367-REK
)     (Alexander, M.J.)
     v.     )
)
WEST BEND HOUSEWARES, LLC and     )
FOCUS PRODUCTS GROUP, LLC     )
)
     Defendant.     )
_____)

## WEST BEND HOUSEWARES, LLC'S
## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant West Bend Housewares, LLC, ("West Bend Housewares") answers each numbered paragraph of the complaint of plaintiff The Holmes Group, Inc. ("Holmes") as follows:

## ANSWER

1.    West Bend Housewares has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and denies the allegations on that basis.

2.    West Bend Housewares admits that it is a limited liability company organized under the laws of Illinois having a principal place of business at 2845 Wingate Street, West Bend, Wisconsin 53095. Focus Products Group, LLC is also a limited liability company organized under the laws of Illinois, and West Bend Housewares, LLC is a wholly-owned subsidiary of Focus Products Group, LLC. West Bend Housewares denies the remaining allegations of Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states conclusions of law to which no answer is required.  To the extent an answer is required, however, West Bend Housewares admits the allegations of Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states conclusions of law to which no answer is required.  To the extent an answer is required, however, West Bend Housewares admits the allegations of Paragraph 4 of the Complaint.

5.      West Bend Housewares admits that United States Patent No. 6,573,483 ("the '483 patent") is entitled "Programmable Slow-Cooker Appliance" and the '483 patent indicates that it was assigned to The Holmes Group, Inc.  West Bend Housewares lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 5 of the Complaint and thus denies them.

6.      West Bend Housewares denies the allegations of Paragraph 6 of the Complaint.

7.      West Bend Housewares admits that United States Patent No. 6,740,855 ("the '855 patent") is entitled "Programmable Slow-Cooker Appliance" and the '855 patent indicates that it was assigned to The Holmes Group, Inc.  West Bend Housewares lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 7 of the Complaint and thus denies them.

8.      West Bend Housewares denies the allegations of Paragraph 8 of the Complaint.

9.      West Bend Housewares has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and denies the allegations on that basis.

10.     West Bend Housewares admits that Exhibit C to the Complaint purports to comprise copies of selected pages from the owner's manual for the WEST BEND® Housewares 6-Quart

Electronic Crockery Cooker, Model 84386.  West Bend Housewares denies the remaining allegations of Paragraph 10 of the Complaint.

11.    West Bend Housewares denies the allegations of Paragraph 11 of the Complaint.

12.    West Bend Housewares admits that it has no license from Holmes, but denies the remaining allegations of Paragraph 12 of the Complaint.

13.    West Bend Housewares denies the allegations of Paragraph 13 of the Complaint.

14.    West Bend Housewares denies the allegations of Paragraph 14 of the Complaint.

15.    West Bend Housewares denies the allegations of Paragraph 15 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Each claim of the '483 and '855 patents is invalid because it fails to meet the conditions for patentability set for in 35 U.S.C. §§ 101 et seq., including, without limitation, 35 U.S.C. §§ 102 and 103, and for failing to meet the requirements of 35 U.S.C. § 112.

### SECOND AFFIRMATIVE DEFENSE

West Bend Housewares has not infringed, induced infringement of, or contributorily infringed any valid claim of the '483 or '855 patents.

### THIRD AFFIRMATIVE DEFENSE

West Bend Housewares has not willfully infringed the '483 patent or the '855 patent.

### FOURTH AFFIRMATIVE DEFENSE

West Bend Housewares reserves the right to state additional defenses as they become known during discovery in this litigation.

## COUNTERCLAIM

### The Parties and Jurisdiction

1.      West Bend Housewares, LLC ("West Bend Housewares") is a limited liability company organized under the laws of Illinois with a principal place of business at 2845 Wingate Street, West Bend, Wisconsin 53095.

2.      On information and belief and as stated in its Complaint, The Holmes Group, Inc. ("Holmes") is a Massachusetts corporation having a principal place of business at One Holmes Way, Milford, Massachusetts 01757.

3.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Counterclaim also arises under 28 U.S.C. §§ 2202 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

4.      Venue is proper in this district under 28 U.S.C. §§ 1391.

### COUNT I – Declaration of Invalidity of the '483 Patent

5.      West Bend Housewares incorporates by reference the allegations of paragraph 1-4 of this Counterclaim as though fully set forth herein.

6.      An actual and justiciable controversy has arisen and now exists between West Bend Housewares and Holmes concerning whether the '483 patent is valid.  By its Complaint, Holmes has asserted that the '483 patent is valid and has asserted a purported claim alleging infringement of the '483 patent by West Bend Housewares.

7.      West Bend Housewares has denied Holmes's claim of infringement and has asserted that the '483 patent is invalid for failure to meet the conditions for patentability set forth in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

8.    Absent a declaration that the '483 patent is invalid, Holmes will continue to wrongfully assert the '483 patent against West Bend Housewares in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause West Bend Housewares irreparable injury and damage.

9.    Because the above activities and actions have created an actual and justiciable controversy, West Bend Housewares seeks a declaration that the '483 patent is invalid.

### COUNT II – Declaration of Noninfringement of the '483 Patent

10.    West Bend Housewares incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

11.    An actual and justiciable controversy has arisen and now exists between West Bend Housewares and Holmes concerning whether West Bend Housewares infringes any rights Holmes claims to have under the '483 patent.  By its Complaint, Holmes has asserted a purported claim alleging infringement of the '483 patent by West Bend Housewares.

12.    West Bend Housewares has denied Holmes's claim of infringement.  West Bend Housewares has not infringed and is not now infringing any claims of the '483 patent and has not contributorily infringed or induced infringement of the '483 patent.

13.    Because the above activities and actions have created an actual and justiciable controversy, West Bend Housewares seeks a declaration that it does not infringe the '483 patent.

### COUNT III – Declaration of Invalidity of the '855 Patent

14.    West Bend Housewares incorporates by reference the allegations of paragraph 1-4 of this Counterclaim as though fully set forth herein.

15.    An actual and justiciable controversy has arisen and now exists between West Bend Housewares and Holmes concerning whether the '855 patent is valid.  By its Complaint, Holmes has

asserted that the '855 patent is valid and has asserted a purported claim alleging infringement of the '855 patent by West Bend Housewares.

16.    West Bend Housewares has denied Holmes's claim of infringement and has asserted that the '855 patent is invalid for failure to meet the conditions of patentability in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

17.    Absent a declaration that the '855 patent is invalid, Holmes will continue to wrongfully assert the '855 patent against West Bend Housewares in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause West Bend Housewares irreparable injury and damage.

18.    Because the above activities and actions have created an actual and justiciable controversy, West Bend Housewares seeks a declaration that the '855 patent is invalid.

**COUNT IV – Declaration of Noninfringement of the '855 Patent**

19.    West Bend Housewares incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

20.    An actual and justiciable controversy has arisen and now exists between West Bend Housewares and Holmes concerning whether West Bend Housewares infringes any rights Holmes claims to have under the '855 patent.  By its Complaint, Holmes has asserted a purported claim alleging infringement of the '855 patent by West Bend Housewares.

21.    West Bend Housewares has denied Holmes's claim of infringement.  West Bend Housewares has not infringed and is not now infringing any claims of the '855 patent and has not contributorily infringed or induced infringement of the '855 patent.

22.    Because the above activities and actions have created an actual an justiciable controversy, West Bend Housewares seeks a declaration that it does not infringe the '855 patent.

## COUNT V – Patent Infringement

23.    West Bend Housewares incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

24.    West Bend Housewares is the owner by assignment of all right, title and interest in and to United States Letters Patent No. Des. 434,266 ("the '266 patent"), entitled "Cooker," which was duly and legally issued on November 28, 2000, and remains in full force and effect. A copy of the '266 patent is attached as Exhibit A.

25.    West Bend Housewares is the owner by assignment of all right, title and interest in and to United States Letters Patent No. Des. 444,664 ("the '664 patent"), entitled "Cooker," which was duly and legally issued on July 10, 2001, and remains in full force and effect. A copy of the '664 patent is attached as Exhibit B.

26.    West Bend Housewares is the owner by assignment of all right, title and interest in and to United States Letters Patent No. Des. 444,993 ("the '993 patent"), entitled "Cooker," which was duly and legally issued on July 17, 2001, and remains in full force and effect. A copy of the '993 patent is attached as Exhibit C.

27.    On information and belief, Holmes has manufactured, imported, distributed, marketed, offered for sale and sold certain slow cooker appliances (hereinafter "the accused products") that embody the inventions and are covered by the claims of the '266, '664 and '993 patents (hereinafter collectively referred to as "the West Bend Housewares patents-in-suit") and has caused others to offer to sell, sell and use the accused products.

28.    The activities of Holmes constitute direct infringement, contributory infringement and/or actively inducing infringement of the West Bend Housewares patents-in-suit.

29.    Holmes's infringement of the West Bend Housewares patents-in-suit has been without license from West Bend Housewares, or any of its predecessors in interest, and in violation of the patent rights of West Bend Housewares and its predecessors in interest, and it is believed that Holmes will continue such infringement unless enjoined by this Court.

30.    On information and belief, Holmes's acts of infringement have been willful and deliberate.

31.    As a result of Holmes's willful infringement of the West Bend Housewares patents-in-suit, West Bend Housewares has been damaged and will continue to be damaged in an amount to be determined at trial.  In addition to such damage suffered by West Bend Housewares, Holmes is liable under 35 U.S.C. § 289 to West Bend Housewares to the extent of the total profit made by Holmes from the accused products.  West Bend Housewares has suffered and will continue to suffer irreparable injury unless the infringing activities of Holmes are enjoined.

32.    By virtue of Holmes's willful and deliberate infringement, this is an exceptional case within the meaning of 35 U.S.C. § 285.

## JURY DEMAND

West Bend Housewares demands a trial by jury on all matters and issues triable by a jury.

## REQUESTED RELIEF

**WHEREFORE**, West Bend Housewares prays that:

(a)    the Court adjudge the claims of the '483 and '855 patents to be invalid, not infringed and/or unenforceable;

(b)    the Court dismiss Holmes's Complaint with prejudice;

(c)    the Court enter an order granting West Bend Housewares a preliminary and permanent injunction enjoining Holmes, its officers, directors, agents, employees and all those in active concert or participation with them, from making, using, importing, offering for sale and selling the accused products and from otherwise infringing, contributing to infringement, and actively inducing infringement of the West Bend Housewares patents-in-suit;

(d)    the Court award West Bend Housewares compensatory damages for the infringement of the West Bend Housewares patents-in-suit by Holmes and the profits made by Holmes from the accused products;

(e)    the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award West Bend Housewares its reasonable attorneys' fees and enhanced damages;

(f)    the Court award West Bend Housewares interest on any damages and its costs; and

(g)    the Court grant West Bend Housewares any further and additional relief as this Court deems just and proper.

Dated: August 23, 2005

WEST BEND HOUSEWARES, LLC

*By its attorneys*,

/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bronsum.com

Of Counsel:

Charles A. Laff
Martin L. Stern
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Ave. – Ste. 1900
Chicago, Illinois 60611
Tel:  (312) 222-0800

Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202
Tel.:  (414) 271-6550

03032/00501  426775.1

US00D434266S

# United States Patent [19]

## Dobson et al.

| [11] | Patent Number: | Des. 434,266 |
| [45] | Date of Patent: | ** Nov. 28, 2000 |

[54] **COOKER**

[75] Inventors: **William C. Dobson; Scott T. Pollnow,** both of West Bend, Wis.

[73] Assignee: **Premark WB Holdings, Inc.,** Wilmington, Del.

[**] Term: **14 Years**

[21] Appl. No.: **29/120,985**

[22] Filed: **Mar. 28, 2000**

### Related U.S. Application Data

[63] Continuation of application No. 29/097,446, Dec. 7, 1998, Pat. No. Des. 425,360.

[51] **LOC (7) Cl.** ....................................................... **07-02**
[52] **U.S. Cl.** ................................................................ **D7/354**
[58] **Field of Search** ........................... D7/354–361, 545; 99/324, 325, 340, 347, 403, 410, 411, 413, 419

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| D. 153,894 | 5/1949 | Mortrude | D7/354 |
| D. 199,747 | 12/1964 | Farber | D7/354 |
| D. 248,363 | 7/1978 | Rinaldi | D7/354 |
| D. 253,574 | 12/1979 | Anderson, Jr. | D7/356 |
| D. 254,355 | 3/1980 | Ottier | D7/545 |
| D. 275,925 | 10/1984 | Bowen et al. | D7/357 |
| D. 284,257 | 6/1986 | Greb et al. | D7/355 |
| D. 366,592 | 1/1996 | Cesaroni et al. | D7/360 |
| D. 416,434 | 11/1999 | Pollnow | D7/360 |
| D. 420,246 | 2/2000 | Alonge et al. | D7/360 |
| D. 420,247 | 2/2000 | Kancy et al. | D7/360 |
| D. 425,360 | 5/2000 | Dobson et al. | D7/360 |

*Primary Examiner*—Caron D. Veynar
*Attorney, Agent, or Firm*—Michael Best & Friedrich LLP

[57] **CLAIM**

The ornamental design for a cooker, as shown and described.

### DESCRIPTION

FIG. 1 is a perspective view of a cooker constructed in accordance with one preferred embodiment of the invention;
FIG. 2 is an elevation view of the front of the cooker shown in FIG. 1;
FIG. 3 is an elevation view of the rear of the cooker shown in FIGS. 1 and 2;
FIG. 4 is an elevation view of the right of the cooker shown in FIGS. 1, 2 and 3;
FIG. 5 is an elevation view of the left of the cooker shown in FIGS. 1, 2, 3 and 4;
FIG. 6 is a top plan view of the cooker shown in FIGS. 1, 2, 3, 4 and 5; and,
FIG. 7 is a bottom plan view of the cooker shown in FIGS. 1, 2, 3, 4, 5 and 6.
The broken line showings in FIGS. 1–7 are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 7 Drawing Sheets**



# EXHIBIT A

**U.S. Patent**        Nov. 28, 2000        Sheet 1 of 7        **Des. 434,266**



*Fig. 1*



*Fig. 2*



*Fig. 3*



*Fig. 4*

Case 1:05-cv-11367-WGY      Document 12-2      Filed 08/24/2005      Page 6 of 8



*Fig. 5*



*Fig. 6*



*Fig. 7*

US00D444664S

(12) **United States Design Patent**  (10) Patent No.:    **US D444,664 S**
Dobson et al.                        (45) **Date of Patent:**  **    *Jul. 10, 2001**

(54) **COOKER**

(75) Inventors: **William C. Dobson; Scott T. Pollnow**, both of West Bend, WI (US)

(73) Assignee: **Premark WB Holdings, Inc.,** Wilmington, DE (US)

( * ) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **14 Years**

(21) Appl. No.: **29/120,882**

(22) Filed: **Mar. 28, 2000**

(51) **LOC (7) Cl.** .......................................... **07-02**
(52) **U.S. Cl.** ........................................ **D7/354**
(58) **Field of Search** ............................ D7/323, 354–361; 99/324, 325, 340, 347, 403, 413, 419, 410, 411

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D. 104,914 | * | 6/1937 | Coss | ......................................... | D7/360 |
| D. 416,434 | * | 11/1999 | Pollnow | ..................................... | D7/360 |
| D. 420,246 | * | 2/2000 | Alonge et al. | ............................. | D7/360 |
| D. 425,360 | * | 5/2000 | Dobson et al. | ........................... | D7/360 |

D. 429,596  *  8/2000  Hlava et al. ........................ D7/360

* cited by examiner

*Primary Examiner*—Caron D. Veynar
(74) *Attorney, Agent, or Firm*—Michael Best & Friedrich LLP

(57) **CLAIM**

The ornamental design for a cooker, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a cooker constructed in accordance with one preferred embodiment of the invention;
FIG. **2** is an elevation view of the front of the cooker shown in FIG. **1**;
FIG. **3** is an elevation view of the rear of the cooker shown in FIGS. **1** and **2**;
FIG. **4** is an elevation view of the right of the cooker shown in FIGS. **1, 2** and **3**;
FIG. **5** is an elevation view of the left of the cooker shown in FIGS. **1, 2, 3** and **4**;
FIG. **6** is a top plan view of the cooker shown in FIGS. **1, 2, 3, 4** and **5**; and,
FIG. **7** is a bottom plan view of the cooker shown in FIGS. **1, 2, 3, 4, 5** and **6**.
The broken line showings in FIGS. **1–7** are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 7 Drawing Sheets**



EXHIBIT B



Fig. 1



Fig. 2

Case 1:05-cv-11367-WGY    Document 12-3    Filed 08/24/2005    Page 4 of 8



Fig. 3



*Fig. 4*



*Fig. 5*

Case 1:05-cv-11367-WGY    Document 12-3    Filed 08/24/2005    Page 7 of 8



*Fig. 6*



Fig. 7



US00D444993S

(12) **United States Design Patent**   (10) Patent No.: **US D444,993 S**
Dobson et al.   (45) **Date of Patent:** ✱✱   **Jul. 17, 2001**

(54) **COOKER**

(75) Inventors: **William C. Dobson; Scott T. Pollnow,** both of West Bend, WI (US)

(73) Assignee: **Premark WB Holdings, Inc.,** Wilmington, DE (US)

(*) Notice: This patent is subject to a terminal disclaimer.

(**) Term: **14 Years**

(21) Appl. No.: **29/120,883**

(22) Filed: **Mar. 28, 2000**

(51) **LOC (7) Cl.** ..................................................... **07-02**
(52) **U.S. Cl.** ........................................................ **D7/354**
(58) **Field of Search** ..................... D7/323, 354–361; 99/324, 325, 340, 347, 403, 413, 419, 410, 411

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 104,914 | * | 6/1937 | Coss ............................ D7/360 |
| D. 416,434 | * | 11/1999 | Pollnow ......................... D7/360 |
| D. 420,246 | * | 2/2000 | Alonge et al. .................. D7/360 |
| D. 425,360 | * | 5/2000 | Dobson et al. .................. D7/360 |
| D. 429,596 | * | 8/2000 | Hlava et al. .................... D7/360 |

* cited by examiner

*Primary Examiner*—Caron D. Veynar
(74) *Attorney, Agent, or Firm*—Michael Best & Friedrich LLP

(57) **CLAIM**

The ornamental design for a cooker, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a cooker constructed in accordance with one preferred embodiment of the invention;
FIG. 2 is an elevation view of the front of the cooker shown in FIG. 1;
FIG. 3 is an elevation view of the rear of the cooker shown in FIGS. 1 and 2;
FIG. 4 is an elevation view of the right of the cooker shown in FIGS. 1, 2 and 3;
FIG. 5 is an elevation view of the left of the cooker shown in FIGS. 1, 2, 3 and 4;
FIG. 6 is a top plan view of the cooker shown in FIGS. 1, 2, 3, 4 and 5; and,
FIG. 7 is a bottom plan view of the cooker shown in FIGS. 1, 2, 3, 4, 5 and 6.
The broken line showings in FIGS. 1–7 are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 7 Drawing Sheets**



EXHIBIT C



Fig. 1



Fig. 2



*Fig. 3*



*Fig. 4*



*Fig. 5*



Fig. 6

Case 1:05-cv-11367-WGY    Document 12-4    Filed 08/24/2005    Page 8 of 8



*Fig. 7*