IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEST BEND HOUSEWARES, LLC, and )<br>FOCUS PRODUCTS GROUP, LLC )<br>)<br>)<br>Defendant. )<br>) | CA No. 05-CV-11367-REK<br>(Alexander, M.J.) |

## FOCUS PRODUCTS GROUP, LLC'S
## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Focus Products Group, LLC, ("Focus") answers each numbered paragraph of the complaint of plaintiff The Holmes Group, Inc. ("Holmes") as follows:

### ANSWER

1. Focus has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and denies the allegations on that basis.

2. Focus admits that it is a limited liability company organized under the laws of Illinois having a principal place of business at 120 Lakeview Parkway, Vernon Hills, Illinois 60061. West Bend Housewares, LLC is also a limited liability company organized under the laws of Illinois, and West Bend Housewares, LLC is a wholly-owned subsidiary of Focus. Focus denies the remaining allegations of Paragraph 2 of the Complaint.

3.     Paragraph 3 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, however, Focus admits the allegations of Paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint states conclusions of law to which no answer is required. To the extent an answer is required, however, Focus admits the allegations of Paragraph 4 of the Complaint.

5.     Focus admits that United States Patent No. 6,573,483 ("the '483 patent") is entitled "Programmable Slow-Cooker Appliance" and the '483 patent indicates that it was assigned to The Holmes Group, Inc. Focus lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 5 of the Complaint and thus denies them.

6.     Focus denies the allegations of Paragraph 6 of the Complaint.

7.     Focus admits that United States Patent No. 6,740,855 ("the '855 patent") is entitled "Programmable Slow-Cooker Appliance" and the '855 patent indicates that it was assigned to The Holmes Group, Inc. Focus lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 7 of the Complaint and thus denies them.

8.     Focus denies the allegations of Paragraph 8 of the Complaint.

9.     Focus has insufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and denies the allegations on that basis.

10.    Focus admits that Exhibit C to the Complaint purports to comprise copies of selected pages from the owner's manual for the WEST BEND® Housewares 6-Quart Electronic Crockery Cooker, Model 84386. Focus denies the remaining allegations of Paragraph 10 of the Complaint.

11.    Focus denies the allegations of Paragraph 11 of the Complaint.

12. Focus admits that it has no license from Holmes, but denies the remaining allegations of Paragraph 12 of the Complaint.

13. Focus denies the allegations of Paragraph 13 of the Complaint.

14. Focus denies the allegations of Paragraph 14 of the Complaint.

15. Focus denies the allegations of Paragraph 15 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Each claim of the '483 and '855 patents is invalid because it fails to meet the conditions for patentability set for in 35 U.S.C. §§ 101 et seq., including, without limitation, 35 U.S.C. §§ 102 and 103, and for failing to meet the requirements of 35 U.S.C. § 112.

### SECOND AFFIRMATIVE DEFENSE

Focus has not infringed, induced infringement of, or contributorily infringed any valid claim of the '483 or '855 patents.

### THIRD AFFIRMATIVE DEFENSE

Focus has not willfully infringed the '483 patent or the '855 patent.

### FOURTH AFFIRMATIVE DEFENSE

Focus reserves the right to state additional defenses as they become known during discovery in this litigation.

### COUNTERCLAIM

### The Parties and Jurisdiction

1. Focus Products Group, LLC ("Focus") is a limited liability company organized under the laws of Illinois with a principal place of business at 120 Lakeview Parkway, Vernon Hills, Illinois 60061.

2. On information and belief and as stated in its Complaint, The Holmes Group, Inc. ("Holmes") is a Massachusetts corporation having a principal place of business at One Holmes Way, Milford, Massachusetts 01757.

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Counterclaim also arises under 28 U.S.C. §§ 2202 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

4. Venue is proper in this district under 28 U.S.C. §§ 1391.

**COUNT I – Declaration of Invalidity of the '483 Patent**

5. Focus incorporates by reference the allegations of paragraph 1-4 of this Counterclaim as though fully set forth herein.

6. An actual and justiciable controversy has arisen and now exists between Focus and Holmes concerning whether the '483 patent is valid. By its Complaint, Holmes has asserted that the '483 patent is valid and has asserted a purported claim alleging infringement of the '483 patent by Focus.

7. Focus has denied Holmes's claim of infringement and has asserted that the '483 patent is invalid for failure to meet the conditions for patentability set forth in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

8. Absent a declaration that the '483 patent is invalid, Holmes will continue to wrongfully assert the '483 patent against Focus in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Focus irreparable injury and damage.

9. Because the above activities and actions have created an actual and justiciable controversy, Focus seeks a declaration that the '483 patent is invalid.

## COUNT II – Declaration of Noninfringement of the '483 Patent

10. Focus incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

11. An actual and justiciable controversy has arisen and now exists between Focus and Holmes concerning whether Focus infringes any rights Holmes claims to have under the '483 patent. By its Complaint, Holmes has asserted a purported claim alleging infringement of the '483 patent by Focus.

12. Focus has denied Holmes's claim of infringement. Focus has not infringed and is not now infringing any claims of the '483 patent and has not contributorily infringed or induced infringement of the '483 patent.

13. Because the above activities and actions have created an actual and justiciable controversy, Focus seeks a declaration that it does not infringe the '483 patent.

## COUNT III – Declaration of Invalidity of the '855 Patent

14. Focus incorporates by reference the allegations of paragraph 1-4 of this Counterclaim as though fully set forth herein.

15. An actual and justiciable controversy has arisen and now exists between Focus and Holmes concerning whether the '855 patent is valid. By its Complaint, Holmes has asserted that the '855 patent is valid and has asserted a purported claim alleging infringement of the '855 patent by Focus.

16. Focus has denied Holmes's claim of infringement and has asserted that the '855 patent is invalid for failure to meet the conditions of patentability in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

17. Absent a declaration that the '855 patent is invalid, Holmes will continue to wrongfully assert the '855 patent against Focus in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Focus irreparable injury and damage.

18. Because the above activities and actions have created an actual and justiciable controversy, Focus seeks a declaration that the '855 patent is invalid.

### COUNT IV – Declaration of Noninfringement of the '855 Patent

19. Focus incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

20. An actual and justiciable controversy has arisen and now exists between Focus and Holmes concerning whether Focus infringes any rights Holmes claims to have under the '855 patent. By its Complaint, Holmes has asserted a purported claim alleging infringement of the '855 patent by Focus.

21. Focus has denied Holmes's claim of infringement. Focus has not infringed and is not now infringing any claims of the '855 patent and has not contributorily infringed or induced infringement of the '855 patent.

22. Because the above activities and actions have created an actual an justiciable controversy, Focus seeks a declaration that it does not infringe the '855 patent.

### JURY DEMAND

Focus demands a trial by jury on all matters and issues triable by a jury.

### REQUESTED RELIEF

**WHEREFORE**, Focus prays that:

(a) the Court adjudge the claims of the '483 and '855 patents to be invalid, not infringed and/or unenforceable;

6

(b)     the Court dismiss Holmes's Complaint with prejudice;

(c)     the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Focus its reasonable attorneys' fees;

(d)     the Court award Focus its costs; and

(e)     the Court grant Focus any further and additional relief as this Court deems just and proper.

Dated: August 23, 2005                                        FOCUS PRODUCTS GROUP, LLC

*By its attorneys*,


/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bronsum.com


Of Counsel:

Charles A. Laff
Martin L. Stern
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Ave. – Ste. 1900
Chicago, Illinois 60611
Tel:  (312) 222-0800


Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202
Tel.:  (414) 271-6550

03032/00501  426776.1