**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| THE HOLMES GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  05-CV-11367 REK |
| v. | : | (Alexander, M.J.) |
| | : | |
| WEST BEND HOUSEWARES, LLC and | : | |
| FOCUS PRODUCTS GROUP, L.L.C., | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND COUNTERCLAIMS TO**
**WEST BEND HOUSEWARES, LLC'S COUNTERCLAIM**

Plaintiff The Holmes Group, Inc. (hereinafter "Holmes") files this Answer to Counterclaim filed by Defendant West Bend Housewares, LLC (hereinafter "West Bend") with each paragraph below corresponding to the same numbered paragraph of Defendant West Bend's Answer to Complaint and Counterclaim.

For its response to the numbered paragraphs of West Bend's Answer to Complaint and Counterclaim, Holmes states as follows:

**COUNTERCLAIM**

**The Parties and Jurisdiction**

**Holmes' Answer to Paragraph No. 1**

Admitted.

**Holmes' Answer to Paragraph No. 2**

Denied.  Since the filing of the Complaint, Holmes has been acquired by Jarden Corp. through a newly formed wholly owned subsidiary JCS/THG, LLC, d/b/a The Holmes Group.

**Holmes' Answer to Paragraph No. 3**

    Admitted.

**Holmes' Answer to Paragraph No. 4**

    Admitted.

### COUNT I - Declaration of Invalidity of the '483 Patent

**Holmes' Answer to Paragraph No. 5**

    Holmes incorporates by reference its answers to paragraphs 1-4 set forth above.

**Holmes' Answer to Paragraph No. 6**

    Admitted.

**Holmes' Answer to Paragraph No. 7**

    Denied.

**Holmes' Answer to Paragraph No. 8**

    Denied.

**Holmes' Answer to Paragraph No. 9**

    Denied.

### COUNT II - Declaration of Noninfringement of the '483 Patent

**Holmes' Answer to Paragraph No. 10**

    Holmes incorporates by reference its answers to paragraphs 1-4 set forth above.

**Holmes' Answer to Paragraph No. 11**

    Admitted.

**Holmes' Answer to Paragraph No. 12**

    Denied.

**Holmes' Answer to Paragraph No. 13**

    Denied.

### COUNT III - Declaration of Invalidity of the '855 Patent

**Holmes' Answer to Paragraph No. 14**

 Holmes incorporates by reference its answers to paragraphs 1-4 set forth above.

**Holmes' Answer to Paragraph No. 15**

 Admitted.

**Holmes' Answer to Paragraph No. 16**

 Denied.

**Holmes' Answer to Paragraph No. 17**

 Denied.

**Holmes' Answer to Paragraph No. 18**

 Denied.

### COUNT IV - Declaration of Noninfringement of the '855 Patent

**Holmes' Answer to Paragraph No. 19**

 Holmes incorporates by reference its answers to paragraphs 1-4 set forth above.

**Holmes' Answer to Paragraph No. 20**

 Admitted.

**Holmes' Answer to Paragraph No. 21**

 Denied.

**Holmes' Answer to Paragraph 22**

 Denied.

### COUNT V - Patent Infringement

**Holmes' Answer to Paragraph 23**

 Holmes incorporates by reference its answers to paragraphs 1-4 set forth above.

**Holmes' Answer to Paragraph 24**

Holmes admits that a copy of U.S. Patent No. Des 434,266, issued on November 28, 2000 is attached as Exhibit A to West Bend's Counterclaim. Holmes denies the remainder of the allegations set forth in paragraph 24.

**Holmes' Answer to Paragraph 25**

Holmes admits that a copy of U.S. Patent No. Des 444,664, issued on July 10, 2001 is attached as Exhibit B to West Bend's Counterclaim. Holmes denies the remainder of the allegations set forth in paragraph 24.

**Holmes' Answer to Paragraph 26**

Holmes admits that a copy of U.S. Patent No. Des 444,993, issued on July 17, 2001 is attached as Exhibit C to West Bend's Counterclaim. Holmes denies the remainder of the allegations set forth in paragraph 24.

**Holmes' Answer to Paragraph 27**

Denied.

**Holmes' Answer to Paragraph 28**

Denied.

**Holmes' Answer to Paragraph 29**

Denied.

**Holmes' Answer to Paragraph 30**

Denied.

**Holmes' Answer to Paragraph 31**

Denied.

**Holmes' Answer to Paragraph 32**

Denied.

**FIRST AFFIRMATIVE DEFENSE**

The claim in each of the '266 patent, '664 patent and '993 patent is invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103 and 112.

**SECOND AFFIRMATIVE DEFENSE**

Holmes has not infringed, induced infringement of, or contributorily infringed any valid claim of the '266 patent, the '664 patent or the '993 patent.

**THIRD AFFIRMATIVE DEFENSE**

Holmes has not willfully infringed the '266 patent, the '664 patent or the '993 patent.

**COUNTERCLAIMS**

**THE PARTIES**

1.  Plaintiff, THE HOLMES GROUP, INC. was recently acquired by Jarden Corp. through a newly formed wholly owned subsidiary JCS/THG, LLC, d/b/a The Holmes Group ("HOLMES") and continues to have a principal place of business at One Holmes Way, Milford, Massachusetts 01757.

2.  Upon information and belief, defendant, FOCUS PRODUCTS GROUP, L.L.C. ("FOCUS") is a limited liability Illinois corporation having a principal place of business at 120 Lakeview Parkway, Vernon Hills, Illinois 60061 and defendant, WEST BEND HOUSEWARES, LLC is a limited liability Illinois corporation having a principal place of business at 120 Lakeview Parkway, Vernon Hills, Illinois 60061, and is a wholly owned subsidiary of FOCUS; (hereinafter collectively referred to as "WEST BEND").

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Counterclaim also arises under 28 U.S.C. §§ 2002 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4.  Venue is proper in this district under 28 U.S.C. §§ 1391.

**COUNT I - Declaration of Non-Infringement and Invalidity of the '266 Patent**

5.  Holmes incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

6.  An actual and justiciable controversy has arisen and now exists between Holmes and West Bend concerning whether U.S. Patent No. Des 434, 266 (the '266 patent) is valid and infringed. By its Counterclaim, West Bend has asserted that the '266 patent is valid and has asserted a purported claim alleging infringement of the '266 patent by Holmes.

7.  Holmes does not manufacture, use, import, offer for sale and/or sell any products which infringe the claim of the '266 patent.

8.  The '266 patent is invalid for failure to meet the conditions for patentability set forth in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

9.  Absent a declaration that the '266 patent is invalid, West Bend will continue to wrongfully assert the '266 patent against Holmes in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Holmes irreparable injury and damage.

**COUNT II - Declaration of Non-Infringement and Invalidity of the '664 Patent**

10. Holmes incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

11. An actual and justiciable controversy has arisen and now exists between Holmes and West Bend concerning whether U.S. Patent No. Des 444,664 (the '664 patent) is valid and infringed. By its Counterclaim, West Bend has asserted that the '664 patent is valid and has asserted a purported claim alleging infringement of the '664 patent by Holmes.

12. Holmes does not manufacture, use, import, offer for sale and/or sell any products which infringe the claim of the '664 patent.

13. The '664 patent is invalid for failure to meet the conditions for patentability set forth in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

14. Absent a declaration that the '664 patent is invalid, West Bend will continue to wrongfully assert the '664 patent against Holmes in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Holmes irreparable injury and damage.

**COUNT III - Declaration of Non-Infringement and Invalidity of the '993 Patent**

15. Holmes incorporates by reference the allegations of paragraphs 1-4 of this Counterclaim as though fully set forth herein.

16. An actual and justiciable controversy has arisen and now exists between Holmes and West Bend concerning whether U.S. Patent No. Des 444,993 (the '993 patent) is valid and infringed. By its Counterclaim, West Bend has asserted that the '993 patent is valid and has

asserted a purported claim alleging infringement of the '993 patent by Holmes.

17.   Holmes does not manufacture, use, import, offer for sale and/or sell any products which infringe the claim of the '993 patent.

18.   The '993 patent is invalid for failure to meet the conditions for patentability set forth in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

19.   Absent a declaration that the '993 patent is invalid, West Bend will continue to wrongfully assert the '993 patent against Holmes in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Holmes irreparable injury and damage.

## HOLMES' PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Holmes prays for judgment against Defendant West Bend as follows:

A.   Denial of West Bend's Counterclaims and judgment for Holmes that the '483, and '855 patents are valid and enforceable;

B.   Judgment for Holmes on its cause of action for patent infringement;

C.   Preliminary and permanent injunction enjoining West Bend, its officers, directors, agents, employees, and all those in active concert or participation with them who receive actual notice of the judgment by personal service or otherwise, from making, using, importing, offering for sale, and selling infringing programmable slow cookers and from otherwise infringing, contributing to infringement, and actively inducing infringement of the Holmes patents-in-suit.

D.   An award of compensatory and punitive damages to Holmes by reason of the

wrongs committed by West Bend, including an award of increased damages pursuant to 35 U.S.C. § 284, for defendant's willful and deliberate patent infringement.

E.      Judgment for Holmes that the '266, '664 and '993 patents are invalid, not infringed and/or unenforceable;

F.      The Court deny and/or dismiss West Bend's Counterclaims with prejudice;

G.      Judgment for Holmes that this is an exceptional case under Title 35, United States Code § 285 and awarding Holmes their reasonable attorney fees;

H.      An award of costs and interest on the damages so computed; and

I.      Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE HOLMES GROUP, INC.
By its Attorneys,

Dated: October 4, 2005

/s/ Glenn T. Henneberger
Charles R. Hoffmann, Esq. (*Pro Hac Vice*)
CRHDocket@hoffmannbaron.com
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)
GTHDocket@hoffmannbaron.com
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, New York 11791-4407
Telephone: (516) 822-3550
Facsimile: (516) 822-3582

and

Nicholas J. Nesgos - BBO No. 553177
nnesgos@pbl.com
Jennifer Finger - BBO No. 641830
jfinger@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts 02199-8004
Telephone: (617) 973-6100