IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEST BEND HOUSEWARES, LLC and )<br>FOCUS PRODUCTS GROUP, LLC )<br>)<br>Defendant. ) | CA No. 05-CV-11367-REK<br>(Alexander, M.J.) |

## WEST BEND HOUSEWARES, LLC'S
## REPLIES TO COUNTERCLAIMS

West Bend Housewares, LLC ("West Bend Housewares"), for its replies to the Counterclaims by The Holmes Group, Inc. ("Holmes Group") in the above-entitled action, alleges and shows to the Court as follows:

## THE PARTIES

1. West Bend Housewares lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Counterclaims and therefore denies the same.

2. West Bend Housewares admits that it is a limited liability company organized under the laws of Illinois having a principal place of business at 2845 Wingate Street, West Bend, Wisconsin 53095. Focus Products Group, LLC is also a limited liability company organized under the laws of Illinois, and West Bend Housewares, LLC is a wholly-owned subsidiary of Focus Products Group, LLC. West Bend Housewares denies the remaining allegations of paragraph 2 as they relate to West Bend Housewares.

## JURISDICTION AND VENUE

3. West Bend Housewares admits the allegations of paragraph 3 of the Counterclaims to the extent they relate to West Bend Housewares.

4. West Bend Housewares admits the allegations of paragraph 4 of the Counterclaims to the extent they relate to West Bend Housewares.

## COUNT I – Declaration of Non-Infringement and Invalidity of the '266 Patent

5. West Bend Housewares incorporates by reference its answers to paragraphs 1-4 of the Counterclaims as though fully set forth herein.

6. West Bend Housewares admits the allegations of paragraph 6 of the Counterclaims to the extent they relate to West Bend Housewares.

7. West Bend Housewares denies the allegations of paragraph 7 of the Counterclaims to the extent they relate to West Bend Housewares.

8. West Bend Housewares denies the allegations of paragraph 8 of the Counterclaims to the extent they relate to West Bend Housewares.

9. West Bend Housewares denies the allegations of paragraph 9 of the Counterclaims to the extent they relate to West Bend Housewares.

## COUNT II – Declaration of Non-Infringement and Invalidity of the '664 Patent

10. West Bend Housewares incorporates by reference its answers to paragraphs 1-4 of the Counterclaims as though fully set forth herein.

11. West Bend Housewares admits the allegations of paragraph 11 of the Counterclaims to the extent they relate to West Bend Housewares.

12. West Bend Housewares denies the allegations of paragraph 12 of the Counterclaims to the extent they relate to West Bend Housewares.

13. West Bend Housewares denies the allegations of paragraph 13 of the Counterclaims to the extent they relate to West Bend Housewares.

14. West Bend Housewares denies the allegations of paragraph 14 of the Counterclaims to the extent they relate to West Bend Housewares.

### COUNT III – Declaration of Non-Infringement and Invalidity of the '993 Patent

15. West Bend Housewares incorporates by reference its answers to paragraphs 1-4 of the Counterclaims as though fully set forth herein.

16. West Bend Housewares admits the allegations of paragraph 16 of the Counterclaims to the extent they relate to West Bend Housewares.

17. West Bend Housewares denies the allegations of paragraph 17 of the Counterclaims to the extent they relate to West Bend Housewares.

18. West Bend Housewares denies the allegations of paragraph 18 of the Counterclaims.

19. West Bend Housewares denies the allegations of paragraph 19 of the Counterclaims to the extent they relate to West Bend Housewares.

### JURY DEMAND

West Bend Housewares hereby demands a trial by jury of all matters triable pursuant to Fed. R. Civ. Proc. Rule 38.

**WHEREFORE**, West Bend Housewares prays that:

(a) the Court adjudge the claims of the '483 and '855 patents to be invalid, not infringed and/or unenforceable;

(b) the Court adjudge the claims of the West Bend patents-in-suit to be valid, infringed, and enforceable;

(c)   the Court dismiss Holmes's Complaint and Counterclaims with prejudice;

(d)   the Court enter an order granting West Bend Housewares a preliminary and permanent injunction enjoining Holmes, its officers, directors, agents, employees and all those in active concert or participation with them, from making, using, importing, offering for sale and selling the accused products and from otherwise infringing, contributing to infringement, and actively inducing infringement of the West Bend Housewares patents-in-suit;

(e)   the Court award West Bend Housewares compensatory damages for the infringement of the West Bend Housewares patents-in-suit by Holmes and the profits made by Holmes from the accused products;

(f)   the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award West Bend Housewares its reasonable attorneys' fees and enhanced damages;

(g)   the Court award West Bend Housewares interest on any damages and its costs; and

(h)   the Court grant West Bend Housewares any further and additional relief as this Court deems just and proper.

/

/

Dated: October 24, 2005

WEST BEND HOUSEWARES, LLC

*By its attorneys*,

/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bromsun.com

Of Counsel:

Charles A. Laff
Martin L. Stern
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Ave. – Ste. 1900
Chicago, Illinois 60611
Tel:  (312) 222-0800
Facsimile:  (312) 222-0818
calaff@michaelbest.com

Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202
Tel.:  (414) 271-6560
Facsimile:  (414) 277-0656
mehusmann@michaelbest.com

03032/00501 439918.1