IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC., | ) <br> ) <br> ) |
| Plaintiff, | )    CA No. 05-CV-11367-REK <br> )    (Alexander, M.J.) |
| v. | ) <br> ) |
| WEST BEND HOUSEWARES, LLC and <br> FOCUS PRODUCTS GROUP, LLC | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**FOCUS PRODUCTS GROUP, LLC'S
REPLIES TO COUNTERCLAIMS**

Focus Products Group, LLC ("Focus"), for its reply to the Counterclaims by The Holmes Group, Inc. ("Holmes Group") in the above-entitled action, alleges and shows to the Court as follows:

**THE PARTIES**

1. Focus lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Counterclaims and therefore denies the same.

2. Focus admits that West Bend Housewares, LLC is a limited liability company organized under the laws of Illinois having a principal place of business at 2845 Wingate Street, West Bend, Wisconsin 53095. Focus Products Group, LLC is also a limited liability company organized under the laws of Illinois, and West Bend Housewares, LLC is a wholly-owned subsidiary of Focus Products Group, LLC. Focus denies the remaining allegations of paragraph 2 to the extent they relate to Focus.

**JURISDICTION AND VENUE**

3. Focus denies the allegations of paragraph 3 of the Counterclaims to the extent

they relate to Focus.

4. Focus denies the allegations of paragraph 4 of the Counterclaims to the extent they relate to Focus.

### COUNT I – Declaration of Non-Infringement and Invalidity of the '266 Patent

5. Focus incorporates by reference its answers to paragraphs 1-4 of the Counterclaims as though fully set forth herein.

6. Focus denies the allegations of paragraph 6 of the Counterclaims to the extent they relate to Focus.

7. Focus denies the allegations of paragraph 7 of the Counterclaims to the extent they relate to Focus.

8. Focus denies the allegations of paragraph 8 of the Counterclaims to the extent they relate to Focus.

9. Focus denies the allegations of paragraph 9 of the Counterclaims to the extent they relate to Focus.

### COUNT II – Declaration of Non-Infringement and Invalidity of the '664 Patent

10. Focus incorporates by reference its answers to paragraphs 1-4 of the Counterclaims as though fully set forth herein.

11. Focus denies the allegations of paragraph 11 of the Counterclaims to the extent they relate to Focus.

12. Focus denies the allegations of paragraph 12 of the Counterclaims to the extent they relate to Focus.

13. Focus denies the allegations of paragraph 13 of the Counterclaims to the extent they relate to Focus.

14. Focus denies the allegations of paragraph 14 of the Counterclaims to the extent they relate to Focus.

### COUNT III – Declaration of Non-Infringement and Invalidity of the '993 Patent

15. Focus incorporates by reference its answers to paragraphs 1-4 of the Counterclaims as though fully set forth herein.

16. Focus denies the allegations of paragraph 16 of the Counterclaims to the extent they relate to Focus.

17. Focus denies the allegations of paragraph 17 of the Counterclaims to the extent they relate to Focus.

18. Focus denies the allegations of paragraph 18 of the Counterclaims to the extent they relate to Focus.

19. Focus denies the allegations of paragraph 19 of the Counterclaims to the extent they relate to Focus.

### AFFIRMATIVE DEFENSES

1. Holmes failed to state a claim against Focus in its Counterclaims.

2. Focus has no title to any of the '266, '664, or '993 patents, and as a result, the Court lacks subject matter jurisdiction over the declaratory judgment action against Focus.

3. There is no actual controversy between Focus and Holmes with respect to any of the '266, '664, or '993 patents.

### JURY DEMAND

Focus hereby demands a trial by jury of all matters to triable pursuant to Fed. R. Civ. Proc. Rule 38.

**WHEREFORE**, Focus prays that:

(a) the Court adjudge the claims of the '483 and '855 patents to be invalid, not infringed and/or unenforceable;

(b) the Court dismiss Holmes's Complaint and Counterclaims with prejudice;

(c) the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Focus its reasonable attorneys' fees;

(d) the Court award Focus interest on its costs; and

(e) the Court grant Focus any further and additional relief as this Court deems just and proper.

/

/

Dated: October 24, 2005  FOCUS PRODUCTS GROUP, LLC

*By its attorneys*,


/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bromsun.com


Of Counsel:

Charles A. Laff
Martin L. Stern
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Ave. – Ste. 1900
Chicago, Illinois 60611
Tel:  (312) 222-0800
Facsimile:  (312) 222-0818
calaff@michaelbest.com

Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202
Tel.:  (414) 271-6560
Facsimile:  (414) 277-0656
mehusmann@michaelbest.com


03032/00501 440050.1