**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

THE HOLMES GROUP, INC.,

      Plaintiff,

      v.

WEST BEND HOUSEWARES, LLC and
FOCUS PRODUCTS GROUP, LLC,

      Defendants.

Civil Action No. 05-CV-11367 WGY
(Alexander, M.J.)

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

**INTRODUCTION**

      West Bend Housewares, LLC and Focus Products Group, LLC (collectively "West Bend") have repeatedly asked the Holmes Group ("Holmes") to comply with its discovery obligations and produce unquestionably relevant documents – as it agreed to do. Holmes has repeatedly stalled in producing these documents, and the time has come to end Holmes' dilatory tactics. Holmes brought this patent infringement action against West Bend, and it cannot drag its feet any longer in efforts to prevent West Bend from preparing its defense.

      West Bend respectfully requests the Court to compel the immediate production by Holmes of documents in six key subject matters:

- sales Holmes allegedly lost as the result of West Bend's purported infringement;

- expenses associated with Holmes' "kitchen business unit," including operating expenses, G & A expenses, selling expenses, variances, and other overhead as well as profit and loss statements for Holmes' "kitchen business unit";

- Holmes' profits from its sales of slow cookers accused of infringing the West Bend design patents;

- the involvement of Holmes' Chinese affiliate, Holmes HTC, in the design and development of Holmes programmable slow cooker, including any sales or offers to sell a programmable slow cooker by Holmes HTC;

- the design and development of the programmable slow cooker patented by Holmes; and

- the development, sales, and offers to sell programmable rice cookers and other prior art cookers which were not disclosed to the Patent Office during prosecution of Holmes' patents-in-suit.

## I.    Background Facts

Holmes filed this patent infringement lawsuit against West Bend alleging that West Bend infringes two patents related to programmable slow cookers. Holmes further alleged that it is entitled to recover its lost profits based upon West Bend's alleged infringement. West Bend denies infringement and filed counterclaims seeking declarations, *inter alia*, that the patent claims asserted by Holmes are invalid. West Bend served production requests upon Holmes related to Holmes' claim for lost profits as well as to West Bend's contentions that the asserted patent claims are invalid. West Bend also counterclaimed against Holmes for infringement of three West Bend design patents. Holmes production of responsive documents related to these and other subject matters has been grossly deficient. West Bend sent a letter on October 4, 2006 enclosing a draft of this motion to compel in a final effort to resolve this matter without the Court's involvement. Ex. I. West Bend and Holmes' counsel engaged in a teleconference on October 6 in an effort to resolve this matter, and Holmes' counsel sent a letter that same day confirming that requested documents have not yet been produced and indicating that responsive

documents "will be produced" by some unspecified date.  Ex. J.  To date, West Bend has not received any of these additional documents.

## II.    Holmes' Failed To Produce Responsive Documents Relevant To Its Profits And Marketing For Slow Cookers At Issue In This Litigation.

### A.    Alleged Lost Profits On Products Embodying Holmes' Patents-In-Suit

West Bend requested the production of documents relevant to Holmes' calculation of net and gross profits on the sale of Holmes' programmable slow cookers embodying the patents-in-suit as well as documents identifying the sales Holmes alleges it lost as a result of West Bend's purported infringement.  These documents were specifically requested in West Bend's production request nos. 12, 14, 78, 79, 80, 81, and 82, served on **January 3, 2006**, and nos. 119, 120, 126, 127, 128, 129, and 130, served on **August 11, 2006**.  Exs. A and B.  Holmes agreed to produce responsive documents, yet to date has still not produced sufficient documents from which West Bend can determine Holmes' costs, including any indirect costs, for its programmable slow cookers embodying the patents-in-suit.  These documents include, at a minimum, expenses associated with Holmes' "kitchen business unit," including operating expenses, G & A expenses, selling expenses, variances, and other overhead as well as a profit and loss statements for Holmes' "kitchen business unit."  Exs. C and D.  West Bend noted this deficiency in a letter dated September 19, 2006, but Holmes never responded.  Ex. E.  Holmes claims that it is entitled to recover lost profits, and an element of this lost profits claim is Holmes' profit margin on its alleged lost sales.  West Bend must be able to investigate Holmes' claimed profit margins by examining all costs associated with Holmes' kitchen business unit, the unit selling the slow cookers at issue in this case.  In its October 6 letter, Holmes states that "West Bend contends that Holmes has not produced documents related to the G&A expenses of its kitchen business unit.  Holmes has only recently begun forecasting G&A expenses by

business units and such documents will be produced." Ex. J.  This statement is a tacit admission that Holmes has not produced the requested documents from which its costs and alleged profits on its programmable slow cookers can be determined.  Holmes has not yet produced these "G&A forecasts," so West Bend cannot confirm whether these documents are even responsive to the above-identified requests.  Moreover, Holmes must produce documents from which its costs and profits on its programmable slow cookers can be determined by West Bend.

The Court should compel Holmes to immediately produce documents sufficient to identify the sales Holmes allegedly lost as the result of West Bend's purported infringement and its net and gross profit per unit and cost-per-unit for each programmable slow cooker embodying the patents-in-suit and to identify expenses associated with Holmes' "kitchen business unit," including operating expenses, G & A expenses, selling expenses, variances, and other overhead as well as a profit and loss statement for Holmes' "kitchen business unit" for all years in which Holmes seeks to recover damages, which is presumably 2005.  The Court should further compel Holmes to produce documents that will enable West Bend to verify the profits which Holmes alleges it lost as the result of West Bend's purported infringement.

**B.     Profits On Slow Cookers Accused Of Infringing The West Bend Design Patents**

West Bend also requested the production of documents relevant to Holmes' calculation of net and gross profits on the sale of Holmes' slow cookers accused of infringing West Bend's design patents.  These documents were requested on **August 11, 2006** in production request nos. 117, 119, 120, and 121.  Ex. B.  Holmes agreed to produce responsive documents (Ex. D), yet to date has still not produced sufficient documents from which West Bend can determine Holmes' costs, including any indirect costs, for its slow cookers accused of infringing the West Bend design patents.  These documents include, at a minimum, profit and loss statements from its

kitchen business unit, which are central to the determination of the alleged lost profits which Holmes seeks, as well as documents sufficient to enable West Bend to calculate Holmes' gross and net profits on the sales of its slow cookers accused of infringing the West Bend design patents. Holmes states in its October 6 letter that "[w]ith respect to Holmes' profits from its sales of the accused slow cookers, Holmes has produced the requested sales information from its records in summary form." Ex. J. This sales summary does not enable West Bend to ascertain how Holmes calculated its profits and is not responsive to the above-identified requests. Moreover, this sales summary does not allow West Bend to prepare its own analysis of Holmes' profits from its sale of the accused slow cookers nor does it permit West Bend to verify the information included in Holmes' sales summary, which likely was prepared for this litigation.

Holmes must immediately produce documents from which West Bend can calculate Holmes' net and gross profits on the sale of the Holmes slow cookers accused on infringing the West Bend design patents.

### III. Holmes Has Not Produced All Development Documents For Its Programmable Slow Cooker Embodied In The Patents-In-Suit.

West Bend requested all Holmes documents related to the conception, development, design, and manufacture of all Holmes programmable slow cookers, including those embodied in the patents-in-suit. The requests were made on **January 3, 2006** in production request nos. 1, 44, 45, 46, 47, 49, 50, 52, 54, and 78. Exs. A and B. Holmes has not produced any notebooks or other development documents such as design sketches from any of the inventors named on the patents-in-suit besides a handful of development documents from one named inventor, Lorens Hlava. Holmes has not produced any development documents prepared by the remaining two named inventors, James E. DeCorbert and Charles Thrasher.

Additionally, Holmes has not produced any such documents from the files of Mary K. Barrow, who was listed as an inventor on, and subsequently removed from, the provisional patent applications to which the patents-in-suit claim priority.  West Bend requested these documents on **August 11, 2006** in production request nos. 93, 94, and 95.  Ex. B.

In its October 6 letter, Holmes stated that "[w]ith respect to the design and development documents of the programmable slow-cooker by Holmes, all documents in existence have <u>or will be produced</u>.  A further search has located temperature charts created during the design of such products.  These documents will be produced and no further documents exist."  Ex. J.  To date, West Bend has not received these additional development documents and has no way of confirming that additional development documents are not in existence.

Holmes must immediately produce all documents related to the conception, development, design, and manufacture of all Holmes programmable slow cookers, including those embodied in the patents-in-suit, as well as any documents from the named inventors and Mary K. Barrow related to this subject matter.

## IV. Holmes Has Not Produced Documents Related To The Involvement Of Its Chinese Affiliate In The Design And Sales Of Its Programmable Slow Cookers.

West Bend requested the production of all documents related to the involvement of Holmes' Chinese affiliate, Holmes HTC, in the design, development, sale, and offer to sell programmable slow cookers.  West Bend further requested documents related to the ownership of Holmes and Holmes HTC, including any common ownership between Holmes and Holmes HTC.  These documents were requested on **August 11, 2006** in production request nos. 98, 99, 100, 101, and 102.  Ex. B.  Holmes has not produced any responsive documents to these requests.

Additionally, Holmes refused to produce documents related to the ownership of Holmes HTC and the common ownership between Holmes and Holmes HTC "unless West Bend [could]

establish the relevance of such documents to the issues presented herein." Ex. D.  After Holmes refused to produce these documents on the ground that it did not understand the relevancy of these documents, West Bend explained the relevancy to Holmes in a letter dated September 15, 2006.  Ex. H.  As stated in this letter, these documents are clearly relevant to issues in this case because the exchange between Holmes and Holmes HTC of programmable slow cookers could constitute a sale or offer to sell within the meaning of 35 U.S.C. § 102(b), which may impact the validity of the patents-in-suit depending upon the timing of such activities and the relationship between Holmes and Holmes HTC.  *Ferag AG v. Quipp, Inc.*, 54 F.3d 1562 (Fed. Cir. 1995); *In re Caveny*, 761 F.2d 761 (Fed. Cir. 1985).  Holmes persisted in refusing to produce these documents without any basis for doing do.

Holmes states in its October 6 letter that "[w]ith respect to documents related to the ownership interest of Holmes HTC and documents related to programmable slow cooker sold or offered for sale by Holmes HTC, in view of our discussion to clarify the items sought, Holmes will conduct a further search for responsive documents and produce all documents in existence." Ex. J.  Holmes never objected to any misunderstanding regarding the documents related to the ownership interest of Holmes HTC and instead limited its objection on relevancy grounds.  In any event, West Bend has not yet received any responsive documents to production request nos. 98, 99, 100, 101, and 102.  Ex. D.

Holmes must immediately produce all documents related to the involvement of Holmes HTC in the design, development, offer to sell, and sale of any programmable slow cookers and all documents related to the ownership of Holmes and Holmes HTC and the common ownership between Holmes and Holmes HTC.

## V.   Holmes Has Not Produced Documents Related To Its Prior Art Rice Cookers And Other Prior Art Cookers That Were Not Disclosed To The Patent Office During Prosecution Of The Patents-In-Suit.

West Bend requested that Holmes produce all prior art documents to its patents-in-suit related to programmable slow cookers, including "all documents that relate to or constitute patents, publications, written descriptions, or other prior art references of which Holmes is aware that concern, teach, suggest, disclose, or claim any invention disclosed, described, or claimed in any of the Holmes patents-in-suit."  These documents were requested on **January 3, 2006** in production request nos. 8, 31, 32, and 50.  Ex. A.  Holmes recently produced documents identifying its model nos. 4310 and 4350 rice cookers, which both appear to be programmable and have housings protruding outside the sidewall of the cooker.  Holmes has not produced any documents related to the design and operation of these rice cookers, nor any documents related to the first sale or offer for sale of these rice cookers.

Holmes stated in its October 6 letter that "[r]egarding the rice cookers and alleged other prior art, Holmes will produce a chart regarding the sales of the 4310 and 4350 rice cooker products.  No other documents exist with respect to these products and no product samples are available."  Ex. J.  West Bend has not yet received this chart.  Moreover, this chart must be based upon some underlying documents, so these documents must be produced as well.

Holmes must immediately produce all documents related to the design, manufacture, first sale, and first offer for sale of its model nos. 4310 and 4350 rice cookers, as well as any other rice or prior art cookers with similar features such as a housing protruding outside sidewall of the cooker.

West Bend further requested Holmes to produce all documents related to the Rival model no. 3350/2 slow cooker and all documents related to a similar slow cooker identified on the

Holmes Crock Pot website as being available in the 1974 timeframe.  West Bend likewise requested all documents showing an awareness of these slow cookers by the named inventors on the Holmes patents-in-suit, Mary K. Barrow, and anyone else involved in the preparation and prosecution of these patents or within Holmes or its predecessor-in-interest.  Although already requested in the prior art production requests identified above, these documents were again requested on **August 11, 2006** in production request nos. 103, 104, 105, 106, 107, 108, 109, and 110.  Ex. B.  Holmes has not produced any documents responsive to these requests and must immediately do so.

## CONCLUSION

For the reasons stated above, West Bend respectfully requests an Order compelling the immediate production by Holmes of the documents identified above, including the productions of documents responsive to the following subject matters: (1) sales Holmes allegedly lost as the result of West Bend's purported infringement; (2) expenses associated with Holmes' "kitchen business unit," including operating expenses, G & A expenses, selling expenses, variances, and other overhead as well as profit and loss statements for Holmes' "kitchen business unit"; (3) Holmes' profits from its sales of slow cookers accused of infringing the West Bend design patents; (4) the involvement of Holmes' Chinese affiliate, Holmes HTC, in the design and development of Holmes programmable slow cooker, including any sales or offers to sell a programmable slow cooker by Holmes HTC; (5) the design and development of the programmable slow cooker patented by Holmes; and (6) the development, sales, and offers to sell programmable rice cookers and other prior art cookers which were not disclosed to the Patent Office during prosecution of Holmes' patents-in-suit.

WEST BEND HOUSEWARES, LLC
FOCUS PRODUCTS GROUP, LLC

*By their attorneys*,

/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bromsun.com

| Of Counsel:<br><br>Charles A. Laff<br>Martin L. Stern<br>MICHAEL BEST & FRIEDRICH LLP<br>401 N. Michigan Ave. – Ste. 1900<br>Chicago, Illinois 60611<br>Tel:  (312) 222-0800<br>calaff@michaelbest.com | Michael E. Husmann<br>Joseph T. Miotke<br>MICHAEL BEST & FRIEDRICH LLP<br>100 E. Wisconsin Avenue<br>Milwaukee, Wisconsin 53202<br>Tel: (414) 271-6560<br>mehusmann@michaelbest.com |
| --- | --- |
|  |  |

## CERTIFICATE OF SERVICE

I certify that, on October 11, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/  Emily J. Schaffer
Emily J. Schaffer

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

_____
                                        )
THE HOLMES GROUP, INC.,                  )
                                        )
          Plaintiff,                     )          CA No. 05-CV-11367-REK
                                        )          (Alexander, M.J.)
          v.                             )
                                        )
WEST BEND HOUSEWARES, LLC and            )
FOCUS PRODUCTS GROUP, LLC                )
                                        )
          Defendant.                     )
_____)

### WEST BEND HOUSEWARES, LLC
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, West Bend

Housewares, LLC hereby requests that Plaintiff, The Holmes Group, Inc. respond to this request

by producing for inspection and copying the documents described below at the offices of

Michael Best & Friedrich LLP, 100 E. Wisconsin Avenue, Suite 3300, Milwaukee, Wisconsin

within thirty (30) days of service of this request or at such other times and places as counsel for

the parties may agree.

These requests are continuing and impose on the responding party the obligations set

forth in Rule 26(e) of the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

A.     The definitions in LR, D. Mass. 26.5 are incorporated by reference as if fully set

forth herein.

B.     The instructions in LR, D. Mass. 34.1 are incorporated by reference as if fully set

forth herein.

### DEFINITON OF "DOCUMENTS"

EXHIBIT A

C.     "West Bend Housewares" means West Bend Housewares, LLC including its officers, directors, employees, agents and attorneys.

D.     "Focus" means Focus Products Group, LLC, including its officers, directors, employees, agents and attorneys.

E.     "Holmes", "Plaintiff", "you", or "your" refers to The Holmes Group, Inc., including without limitation its past and present officers, directors, agents, employees, consultants, attorneys and others acting or purporting to act on its behalf, and including its predecessor(s), subsidiaries, parents and affiliates.

F.     "West Bend Housewares patents-in-suit" refers collectively to the following patents.

      1.   United States Patent No. Des. 434,266.

      2.   United States Patent No. Des. 444,664.

      3.   United States Patent No. Des. 444,993.

G.     "Holmes patents-in-suit" refers collectively to the following patents.

      1.   United States Patent No. 6,573,483.

      2.   United States Patent No. 6,740,855.

H.     "West Bend Housewares Cookers" refers to certain slow cooker appliances that are manufactured by West Bend Housewares and that embody the inventions and are covered by the claims of the West Bend Housewares patents-in-suit.

I.     "Holmes Programmable Cookers" refers to certain slow cooker appliances that are manufactured, imported, distributed, marketed, offered for sale and/or sold by Holmes and that embody the inventions and are covered by the claims of the Holmes patents-in-suit.

J.     "West Bend Accused Product" means any West Bend Housewares product

identified by Holmes in its Complaint or in response to interrogatories as infringing any of the Holmes patents-in-suit.

K.      The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

L.      The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

M.      "Infringed" and any variant thereof, refers to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and infringement under the doctrine of equivalents.

N.      "Prior Art" means knowledge, use, and public disclosures in the United States, descriptions in patents, printed publications, or abstracts, and public uses, offers for sale or sales of the subject matter disclosed or claimed in the West Bend patents-in-suit or Holmes patents-in-suit, as applicable, prior to the respective patent application filing date.

O.      For each and every document and/or communication for which you assert either attorney-client privilege or work product protection, or both, identify:

1.  the author(s) and all recipients, along with their job description, title, capacities and/or positions;

2.  the nature of the privilege asserted;

3.  the subject matter, date produced, length and type of document;

4.  the purpose of the document; and

5.  why the document is immune from discovery and is believed to be privileged.

EXHIBIT A                                          3

P.      File folders with tabs or labels identifying or containing documents responsive to these requests should be reproduced intact with such documents.

Q.      Documents attached to each other shall not be separated.

R.      If responsive documents are kept together in the usual course of business, they should be so produced in order to reveal fairly and not to distort the order of Holmes's filing and record-keeping system.

S.      Where an objection is made to any discovery request or sub-part thereof, the objection should specifically state all grounds for the objection and whether otherwise responsive information, documents, or things are being withheld on the basis of the asserted objection.  No part of a discovery request should be left unanswered merely because an objection is interposed to another part of that request.

## DOCUMENTS AND THINGS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All documents and things that refer or relate to the conception, creation, design, marketing, promotion, sale, offer for sale, manufacture, or development of any and all versions of:  (a) the Holmes Programmable Cookers and/or (b) packaging, advertising, marketing and promotional material therefor.

REQUEST FOR PRODUCTION NO. 2:

All documents and things that refer or relate to the West Bend Accused Products or the promotional materials therefor, including any samples of the West Bend Housewares Cookers in Holmes's possession or control.

4

EXHIBIT A

REQUEST FOR PRODUCTION NO. 3:

All documents that refer or relate to analyses, reports, reviews, statements or opinions of anyone, including, but not limited to, Holmes's employees or agents, advertising agencies, directors or officers, or customers or potential customers, regarding the similarity or dissimilarity between the Holmes Programmable Cookers or promotional materials therefor, on the one hand, and the West Bend Accused Products, packages or promotional materials therefor on the other hand.

REQUEST FOR PRODUCTION NO. 4:

All documents that refer or relate to searches, surveys, market studies or presentations, consumer studies, focus groups or other investigations or reports conducted by or on behalf of Holmes that relate or refer to (a) the Holmes Programmable Cookers, packages and related promotional materials, and/or (b) the West Bend Accused Products, packages and related promotional materials, or components of either packages or related promotional material.

REQUEST FOR PRODUCTION NO. 5:

All documents intended for distribution to the trade or public regarding the Holmes Programmable Cookers, including but not limited to announcements, press releases, letters, flyers, price lists, advertising, marketing or promotional materials and drafts thereof.

REQUEST FOR PRODUCTION NO. 6:

All documents that refer or relate to alternative designs considered by Holmes for the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 7:

One sample of each Holmes slow cooker appliance identified in Holmes' response to

EXHIBIT A

interrogatory no. 15, including all packaging material, marketing material, and user's manual for each.

REQUEST FOR PRODUCTION NO. 8:

All documents constituting, referring to, or relating to any Prior Art or other reference known to or in the possession of Holmes or the inventors of the Holmes patents-in-suit concerning the subject matter disclosed or claimed in the Holmes patents-in-suit, whether or not such document was cited to the U.S. Patent and Trademark Office or any other patent office in connection with the prosecution of the Holmes' patents-in-suit, or any foreign counterparts.

REQUEST FOR PRODUCTION NO. 9:

All documents constituting, referring to, or relating to any Prior Art or other reference known to or in the possession of Holmes concerning the subject matter disclosed or claimed in the West Bend patents-in-suit.

REQUEST FOR PRODUCTION NO. 10:

Samples of all advertisements of any sort distributed by Holmes's customers or other third parties advertising, promoting or showing the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 11:

All documents and things that refer or relate to the promotional materials for the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 12:

All documents, including but not limited to, purchase orders, invoices, shipping documents, proposals, quotes, order confirmations, financial statements, sales reports, profit and loss statements, or other such documents, that show or relate to sales of the Holmes Programmable Cookers.

6

EXHIBIT A

REQUEST FOR PRODUCTION NO. 13:

All documents that relate or refer to or were used to establish the selling prices of the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 14:

All documents that relate or refer to any profit made by Holmes from the sale of the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 15:

All documents that relate or refer to Holmes's decision to manufacture and sell the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 16:

All documents that refer or relate to any trademark, copyright or patent application for or relating to the Holmes Programmable Cookers or any component(s) thereof or any related advertising or promotional materials or any elements or parts thereof, and any patent or trademark search reports and opinions referring or relating to the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 17:

All documents that refer or relate to Holmes's knowledge of West Bend Housewares' sales, advertising and marketing of the West Bend Accused Products.

REQUEST FOR PRODUCTION NO. 18:

All documents referring or relating to Holmes's marketing plans or strategies for the Holmes Programmable Cookers and promotional materials therefor, including but not limited to marketing plans or reports, correspondence, memoranda and notes.

EXHIBIT A

7

REQUEST FOR PRODUCTION NO. 19:

All documents or other tangible things that Holmes intends to rely on or offer as evidence at any hearing or trial in this case.

REQUEST FOR PRODUCTION NO. 20:

All documents containing any list or any collection of names and addresses of Holmes's customers, sales representatives or distributors who have purchased, offered to sell, sold, distributed, stocked or taken orders for the Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 21:

All documents evidencing communications, written, verbal, electronic, or other, between Holmes and any other person referring or relating to the West Bend Accused Products, West Bend Housewares patents-in-suit, Holmes patents-in-suit or the Holmes Programmable Cookers, including but not limited to communications with current or previous legal counsel.

REQUEST FOR PRODUCTION NO. 22:

All documents identified in Holmes's responses to West Bend Housewares' Interrogatories.

REQUEST FOR PRODUCTION NO. 23:

All documents that supported or formed a basis for the preparation of Holmes's responses to West Bend Housewares' Interrogatories.

REQUEST FOR PRODUCTION NO. 24:

All documents that relate to Holmes's document retention policies, including but not limited to policies regarding schematic diagrams, source code, invention disclosures, documents relating to inventions and patents, and electronic mail.

EXHIBIT A

REQUEST FOR PRODUCTION NO. 25:

All documents that relate to each of the Holmes patents-in-suit, including without limitation (i) all documents submitted to or received from the U.S. Patent and Trademark Office or any foreign patent office or foreign representative representing Holmes and/or its predecessors in interest before a foreign patent office; (ii) internal correspondence and memoranda; and (iii) correspondence with persons or entities not employed by Holmes.

REQUEST FOR PRODUCTION NO. 26:

All patents or patent applications (foreign or domestic, pending, abandoned, or issued) owned, controlled, or licensed by Holmes that relate to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 27:

All documents and things that relate to:

(a)     the ownership of each of the Holmes patents-in-suit;

(b)     the ownership of rights to any patent related to any of the Holmes patents-in-suit, including any foreign counterpart to any of the Holmes patents-in-suit;

(c)     the assignment of rights to any of the Holmes patents-in-suit;

(d)     the assignment of rights to any foreign counterpart to any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 28:

documents sufficient to identify all persons involved with the prosecution of each of the Holmes patents-in-suit, related patents or related applications.

EXHIBIT A

9

REQUEST FOR PRODUCTION NO. 29:

All documents that relate to the preparation and prosecution of each of the Holmes patents-in-suit, related patents or related applications, and patent applications sharing priority, directly or indirectly, with the Holmes patents-in-suit, including any files of any attorney or agent involved in the prosecution of each of the Holmes patents-in-suit, related patents or related applications.

REQUEST FOR PRODUCTION NO. 30:

All documents relating to communications or correspondence with any patent attorney or patent agent in connection with the filing and prosecution of the application or applications that led to each of the Holmes patents-in-suit or its foreign counterparts.

REQUEST FOR PRODUCTION NO. 31:

All documents that relate to or constitute patents, publications, written descriptions, or other prior art references of which Holmes is aware that concern, teach, suggest, disclose, describe, or claim any invention disclosed, described, or claimed in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to any prior art reference or potential prior art reference located, reviewed, cited, or known to you or to any of the applicants for any of the Holmes patents-in-suit relating in any manner to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit, including without limitation documents located, reviewed, or cited in connection with any study or search to determine the patentability of any such invention, the validity or enforceability of any of the claims of such patent or patent application, or the enforceable scope of any of the claims of such patent or patent application.

10

EXHIBIT A

REQUEST FOR PRODUCTION NO. 33:

All documents that relate to searches, investigations, or evaluations as to the novelty, patentability, validity, enforceability, or scope of the Holmes patents-in-suit, related patents, or related applications, including domestic or foreign patents, or other published materials.

REQUEST FOR PRODUCTION NO. 34:

All documents that relate to the alleged advantages of any invention disclosed, described, or claimed in any of the Holmes patents-in-suit over the prior art.

REQUEST FOR PRODUCTION NO. 35:

All documents that relate to any opinion regarding the validity, enforceability, or infringement of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 36:

All documents relating to the scope of any claim in the any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 37:

All documents relating to any assertion or claim by any person relating to the scope or interpretation of any claim of any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 38:

All documents relating to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person having ordinary skill in the art to which any invention disclosed, described, or claimed in any of the Holmes patents-in-suit pertains (as this phrase is used in 35 U.S.C. § 103).

REQUEST FOR PRODUCTION NO. 39:

All documents relating to any West Bend Housewares product that Holmes asserts infringes any of the Holmes patents-in-suit.

EXHIBIT A

REQUEST FOR PRODUCTION NO. 40:

All documents that relate to the decision by Holmes to bring a patent infringement lawsuit against West Bend Housewares, including documents that identify or state the date of Holmes's first awareness of West Bend Housewares' alleged infringement or West Bend Accused Product, all documents comprising and concerning such first awareness, all documents that identify the persons who first became aware of such alleged infringement, all documents that describe the action taken by such persons upon and after gaining such awareness, and all documents relied on by Holmes for facts in support of Holmes's infringement allegation, including tests and analyses performed on West Bend Accused Product(s) for the purpose of determining whether West Bend Accused Product(s) infringe each of the Holmes patents-in-suit prior to filing the complaint in the present lawsuit.

REQUEST FOR PRODUCTION NO. 41:

All documents relating to any legal or administrative proceedings involving any of the Holmes patents-in-suit or any foreign counterpart of the Holmes patents-in-suit, including without limitation pleadings, transcripts of hearings, depositions, and trial transcripts, and any documents constituting exhibits offered or admitted in any such proceeding.

REQUEST FOR PRODUCTION NO. 42:

All documents written by or for Holmes, including speeches, interviews, publications, press releases or other descriptions, that relate to any of the Holmes patents-in-suit, this lawsuit, or any product Holmes suspects or believes to infringe any of the Holmes patents-in-suit.

EXHIBIT A

12

REQUEST FOR PRODUCTION NO. 43:

All documents referring to or comprising communications with any third party or internal communications in which West Bend or any West Bend Accused Product was referenced or discussed.

REQUEST FOR PRODUCTION NO. 44:

All documents that relate to the conception or experimental use of any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 45:

All documents that relate to the first reduction to practice of any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 46:

All documents that relate to or show diligence (as the term is used in 35 U.S.C. § 102) between the conception of any of the inventions disclosed in the Holmes patents-in-suit and the first reduction to practice of the subject matter of that invention.

REQUEST FOR PRODUCTION NO. 47:

All documents including drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, emails, memoranda, reports, test results, that relate to, or were created, used, or referred to in connection with, the design, research, development, or testing of the subject matter claimed, disclosed, or described by each of the Holmes patents-in-suit.

EXHIBIT A
13

REQUEST FOR PRODUCTION NO. 48:

All documents relating to the first time each Holmes Programmable Cooker was first sold, offered for sale, first publicly disclosed, or first disclosed to a person not then employed by Holmes.

REQUEST FOR PRODUCTION NO. 49:

Documents sufficient to identify all persons who participated in the design or development of every product ever made that embodies, practices, or employs or is capable of embodying, practicing or employing any invention disclosed, described, or claimed in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 50:

All documents relating to any product ever made or sold at any time by any entity anywhere in the world that embodies, practices or employs any invention disclosed, described, or claimed in any of the Holmes patents-in-suit, including without limitation, samples, prototypes, laboratory notebooks, engineering notebooks, design requirements, design reviews, specifications, schematics, drawings, diagrams, blueprints, sketches, flow charts, manuals, reports, evaluations, tests, correspondence and emails.

REQUEST FOR PRODUCTION NO. 51:

One working sample of each product developed, manufactured, or assembled that embodies, practices or employs or is capable of embodying, practicing or employing any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

EXHIBIT A

REQUEST FOR PRODUCTION NO. 52:

All documents, including notebooks, diaries, files, appointment calendars, research reports, or workbooks that relate to the subject matter of any invention claimed, disclosed, or described any of the in the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 53:

All documents relating to communications with any of the inventors of any of the Holmes patents-in-suit, relating to the Holmes patents-in-suit, the claimed inventions of the Holmes patents-in-suit, the prosecution of the Holmes patents-in-suit, any alleged infringement of the Holmes patents-in-suit, or any analysis of the validity or enforceability of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 54:

All documents that relate to the first written description of any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 55:

All documents that relate to any mode contemplated by any inventor for carrying out any invention disclosed, described, or claimed in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 56:

All documents relating to any problems purportedly solved by any invention disclosed, described or claimed in any of the Holmes patents-in-suit, or to solutions to such problems considered by Holmes or any inventor of any of the Holmes patents-in-suit.

EXHIBIT A

REQUEST FOR PRODUCTION NO. 57:

All documents that relate to failures by any person to solve any problem claimed to be solved by any invention disclosed, described, or claimed in the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 58:

All documents that relate to whether any invention disclosed, described, or claimed in the Holmes patents-in-suit, or any product that embodies, practices or employs any invention disclosed, described, or claimed in the Holmes patents-in-suit, fulfilled any long-felt, but unresolved need.

REQUEST FOR PRODUCTION NO. 59:

All documents relating to the belief by the inventor(s) of each of the Holmes patents-in-suit that he is or was the original and first inventor (as this phrase is used in 35 U.S.C. § 115) of any invention disclosed, described, or claimed by any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 60:

All documents relating to whether the inventor(s) of each of the Holmes patents-in-suit himself invented (as this phrase is used in 35 U.S.C. § 102(f)) any invention disclosed, described, or claimed in each of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 61:

All documents relating to whether any invention disclosed, described, or claimed in the Holmes patents-in-suit, or any product that embodies, practices or employs any invention disclosed, described, or claimed in the any of the Holmes patents-in-suit, has been commercially successful.

16

EXHIBIT A

REQUEST FOR PRODUCTION NO. 62:

All documents that relate to whether any invention disclosed, described, or claimed in any of the Holmes patents-in-suit has been copied by others.

REQUEST FOR PRODUCTION NO. 63:

All documents that relate to or demonstrate that the significance of any invention disclosed, described, or claimed in any of the Holmes patents-in-suit has been recognized by the relevant industry or received industry acclaim.

REQUEST FOR PRODUCTION NO. 64:

For each product developed, manufactured, or assembled by or for Holmes, or under license from Holmes, that embodies, practices or employs, or is capable of embodying, practicing or employing any invention claimed, disclosed, or described in any of the Holmes patents-in-suit, all documents relating to press releases, product announcements, product advertisements, the first sale, first offer for sale, possible future sale, first license, first offer to license, possible future license, testing, first demonstration, use, or disclosure of that product in front of anyone not then employed by Holmes.

REQUEST FOR PRODUCTION NO. 65:

All documents and things that were publicly disclosed by Holmes, including publications, articles, conference papers, or technical or marketing presentations, that relate to any product that Holmes believes embodies, practices or employs or is capable of embodying, practicing or employing any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

EXHIBIT A

17

REQUEST FOR PRODUCTION NO. 66:

All documents relating to the competitors in the market for any product embodying, practicing or employing any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 67:

All documents that relate to Holmes's and/or its competitors' actual or projected market share in the relevant market for any product alleged to practice and/or infringe any claim of any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 68:

All documents that relate to the absence or presence of any acceptable non-infringing substitutes in the relevant market for any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 69:

All documents that relate to license, distribution agreements, broker agreements, franchise agreements, quitclaims, conveyances, negotiations to license or convey, offers to license or convey, or other transfers of rights to or from Holmes relating to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit and any other documents relating to Holmes's consent or permission to third parties to use any technology relating to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 70:

All documents that relate to notice by Holmes to anyone, including, without limitation West Bend Housewares, of alleged patent rights or infringement claims regarding any of the Holmes patents-in-suit.

EXHIBIT A

REQUEST FOR PRODUCTION NO. 71:

All documents that refer or relate to Holmes's first awareness of any alleged infringement of the Holmes patents-in-suit, including without limitation any alleged infringement by West Bend Housewares.

REQUEST FOR PRODUCTION NO. 72:

All documents that refer or relate to the marking of any product developed, manufactured, or assembled for or by Holmes, or developed, manufactured, or assembled under license from Holmes, with the patent number of any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 73:

All documents that relate to Holmes's allegations of willful infringement of the Holmes patents-in-suit by West Bend Housewares.

REQUEST FOR PRODUCTION NO. 74:

All documents relating to or relied upon to support Holmes's allegation that Holmes is entitled to recover damages as provided by 35 U.S.C. § 284.

REQUEST FOR PRODUCTION NO. 75:

All documents that Holmes may rely upon as evidence supporting any damages theory that Holmes may assert in this action, including without limitation all documents that comprise the basis for any calculations of a reasonable royalty for the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 76:

Documents sufficient to show royalties paid by each licensee or sublicensee, on a quarterly and annual basis, to Holmes pursuant to any license or sublicense granted under any of the Holmes patents-in-suit, including any license or sublicense that includes the any of the Holmes patents-in-suit in addition to any patent that is not in suit.

19

EXHIBIT A

REQUEST FOR PRODUCTION NO. 77:

Documents sufficient to show by product number, marketing name, version number, or other identifying data, sales on a quarterly and annual basis for any product developed, manufactured, or assembled by or for Holmes that embodies or practices any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 78:

All documents relating to any costs incurred in the research or development of any invention, product or device developed, manufactured, or assembled by or for Holmes that embodies or practices any claim of any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 79:

All documents that relate to any sales that Holmes claims to have lost due to West Bend Housewares' alleged infringement of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 80:

All documents that relate to any lost profits attributable to sales Holmes claims to have lost due to West Bend Housewares' alleged infringement of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 81:

All documents that relate to the methodology employed by Holmes to determine the amount of any profits Holmes claims to have lost, or claims it will lose, as a consequence of West Bend Housewares' alleged infringement of any of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 82:

Documents sufficient to show Holmes's revenues, costs, and profits relating to any product employing, practicing or embodying any invention claimed in any of the Holmes patents-in-suit, by product and by month and year.

EXHIBIT A                                                  20

REQUEST FOR PRODUCTION NO. 83:

All Holmes annual reports and SEC filings, from 1998 to the present.

REQUEST FOR PRODUCTION NO. 84:

All documents relating to or relied upon to support Holmes's allegation that Holmes is entitled to reasonable attorneys' fees as provided by 35 U.S.C. § 285.

REQUEST FOR PRODUCTION NO. 85:

All documents relating to each expert Holmes expects to call as a witness, including any opinions rendered, any documents upon which each opinion of such expert is based, all documents authored or contributed to and all presentations given or participated in by such expert, all documents that Holmes has shown or otherwise made available to such expert, and each document that such expert has shown or transmitted to Holmes.

REQUEST FOR PRODUCTION NO. 86:

For each West Bend Accused Product, produce documents establishing Holmes's factual basis for alleging infringement by West Bend Housewares of each of the Holmes patents-in-suit, including all documents giving rise to, comprising, concerning, or reflecting the date of Holmes's first awareness or belief of West Bend Housewares' alleged infringement, identifying all persons with knowledge of such first awareness, describing the action taken by such persons upon and after gaining such awareness, and identifying all documents, data, or information relied on by Holmes in support of Holmes's infringement analysis, including tests and analyses performed on West Bend Housewares' Accused Product(s) prior to filing the complaint in the present lawsuit for the purpose of determining whether West Bend Housewares' Accused Product(s) infringes each of the Holmes patents-in-suit.

EXHIBIT A

21

REQUEST FOR PRODUCTION NO. 87:

Produce all documents, including discovery responses, produced to EuroPro Operating LLC in case no. 1:05-CV-10504-NMG, pending in the United States District Court for the District of Massachusetts.

REQUEST FOR PRODUCTION NO. 88:

Produce all documents, including discovery responses, produced by EuroPro Operating LLC in case no. 1:05-CV-10504-NMG, pending in the United States District Court for the District of Massachusetts.

REQUEST FOR PRODUCTION NO. 89:

All documents that support, relate, or refer in any way to Holmes's denials of the allegations of the West Bend counterclaim, Holmes's affirmative defenses to the West Bend Counterclaim, and Holmes's allegations in its declaratory judgment counterclaims.

REQUEST FOR PRODUCTION NO. 90:

All documents that support, relate, or refer in any way to Holmes's contention that it does not infringe the West Bend Housewares patents-in-suit.

REQUEST FOR PRODUCTION NO. 91:

All documents that support, relate, or refer in any way to Holmes's contention that the West Bend Housewares patents-in-suit are invalid.

REQUEST FOR PRODUCTION NO. 92:

All documents relating or referring to any opinion or analysis concerning the scope, enforceability, validity, invalidity, infringement, or non-infringement of the West Bend Housewares patents-in-suit.

22

EXHIBIT A

Dated: January 3, 2006                          WEST BEND HOUSEWARES, LLC

                                                *By its attorneys*,


                                                /s/ Joseph T. Miotke
                                                Erik Paul Belt, BBO # 558620
                                                BROMBERG & SUNSTEIN LLP
                                                125 Summer Street
                                                Boston, Massachusetts 02110
                                                Tel: (617) 443-9292
                                                Facsimile: (617) 443-0004
                                                ebelt@bronsum.com

Of Counsel:

Charles A. Laff                                 Michael E. Husmann
Martin L. Stern                                 Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP                    MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Ave. – Ste. 1900                100 E. Wisconsin Ave.
Chicago, Illinois 60611                         Milwaukee, Wisconsin 53202
Tel: (312) 222-0800                             Tel.: (414) 271-6550
Facsimile: (312) 222-0818                       Facsimile: (414) 277-0656
calaff@michaelbest.com                          mehusmann@michaelbest.com

EXHIBIT A                          23

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | CA No. 05-CV-11367-WGY |
| ) | (Alexander, M.J.) |
| v. ) | |
| ) | |
| WEST BEND HOUSEWARES, LLC and ) | |
| FOCUS PRODUCTS GROUP, LLC ) | |
| ) | |
| Defendant. ) | |

## WEST BEND HOUSEWARES, LLC'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, West Bend Housewares, LLC hereby requests that Plaintiff, The Holmes Group, Inc. respond to this request by producing for inspection and copying the documents described below at the offices of Michael Best & Friedrich LLP, 100 E. Wisconsin Avenue, Suite 3300, Milwaukee, Wisconsin within thirty (30) days of service of this request or at such other times and places as counsel for the parties may agree.

These requests are continuing and impose on the responding party the obligations set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

A.    The definitions in LR, D. Mass. 26.5 are incorporated by reference as if fully set forth herein.

B.    The instructions in LR, D. Mass. 34.1 are incorporated by reference as if fully set forth herein.

## DEFINITON OF "DOCUMENTS"

EXHIBIT B

C.  "West Bend Housewares" means West Bend Housewares, LLC including its officers, directors, employees, agents and attorneys.

D.  "Focus" means Focus Products Group, LLC, including its officers, directors, employees, agents and attorneys.

E.  "Holmes", "Plaintiff", "you", or "your" refers to The Holmes Group, Inc., including without limitation its past and present officers, directors, agents, employees, consultants, attorneys and others acting or purporting to act on its behalf, and including its predecessor(s), subsidiaries, parents and affiliates.

F.  "West Bend Housewares patents-in-suit" refers collectively to the following patents.

    1.  United States Patent No. Des. 434,266.

    2.  United States Patent No. Des. 444,664.

    3.  United States Patent No. Des. 444,993.

G.  "Holmes patents-in-suit" refers collectively to the following patents.

    1.  United States Patent No. 6,573,483.

    2.  United States Patent No. 6,740,855.

H.  "West Bend Housewares Cookers" refers to certain slow cooker appliances that are manufactured by West Bend Housewares and that embody the inventions and are covered by the claims of the West Bend Housewares patents-in-suit.

I.  "Holmes Programmable Cookers" refers to certain slow cooker appliances that are manufactured, imported, distributed, marketed, offered for sale and/or sold by Holmes and that embody the inventions and are covered by the claims of the Holmes patents-in-suit.

J.  "West Bend Accused Product" means any West Bend Housewares product

2

EXHIBIT B

identified by Holmes in its Complaint or in response to interrogatories as infringing any of the Holmes patents-in-suit.

K.    "Holmes Accused Product" means slow cooker appliances made, sold, or offered for sale by Holmes that are covered by or accused of infringing any of the claims of the West Bend Housewares patents-in-suit, including but not limited to products bearing model numbers 3730 and 37351 and any additional slow cookers identified in West Bend's response to Holmes' Interrogatory No. 8 as supplemented.

L.    The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

M.    The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

N.    "Infringed" and any variant thereof, refers to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and infringement under the doctrine of equivalents.

O.    "Prior Art" means knowledge, use, and public disclosures in the United States, descriptions in patents, printed publications, or abstracts, and public uses, offers for sale or sales of the subject matter disclosed or claimed in the West Bend patents-in-suit or Holmes patents-in-suit, as applicable, prior to the respective patent application filing date.

P.    For each and every document and/or communication for which you assert either attorney-client privilege or work product protection, or both, identify:

3

EXHIBIT B

1. the author(s) and all recipients, along with their job description, title, capacities and/or positions;

2. the nature of the privilege asserted;

3. the subject matter, date produced, length and type of document;

4. the purpose of the document; and

5. why the document is immune from discovery and is believed to be privileged.

Q.      File folders with tabs or labels identifying or containing documents responsive to these requests should be reproduced intact with such documents.

R.      Documents attached to each other shall not be separated.

S.      If responsive documents are kept together in the usual course of business, they should be so produced in order to reveal fairly and not to distort the order of Holmes's filing and record-keeping system.

T.      Where an objection is made to any discovery request or sub-part thereof, the objection should specifically state all grounds for the objection and whether otherwise responsive information, documents, or things are being withheld on the basis of the asserted objection.  No part of a discovery request should be left unanswered merely because an objection is interposed to another part of that request.

## DOCUMENTS AND THINGS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 93:

All documents that refer or relate to the inclusion of Mary K. Barrow as an inventor on U.S. provisional patent application nos. 60/189,43 and 60/196,293.

### REQUEST FOR PRODUCTION NO. 94:

All documents that refer or relate to the removal of Mary K. Barrow as an inventor on

4

EXHIBIT B

U.S. provisional patent application nos. 60/189,43 and 60/196,293.

REQUEST FOR PRODUCTION NO. 95:

All documents that refer or relate to Mary K. Barrow's involvement in the design or

marketing of the Holmes Programmable Cookers or any programmable slow cooker.

REQUEST FOR PRODUCTION NO. 96:

All documents that refer or relate to the inclusion of James DeCorbert, Lorens Hlava, and

Charles Thrasher as inventors on U.S. provisional patent application nos. 60/189,43 and

60/196,293.

REQUEST FOR PRODUCTION NO. 97:

All documents that refer or relate to James DeCorbert's, Lorens Hlava's, and Charles

Thrasher's involvement in the design or marketing of the Holmes Programmable Cookers or any

programmable slow cooker.

REQUEST FOR PRODUCTION NO. 98:

All documents that refer or relate to the ownership of Holmes HTC in Dongguan, PRC

from 1997 to the present.

REQUEST FOR PRODUCTION NO. 99:

All documents that refer or relate to the ownership of the Holmes Group, Inc. from 1997 to

the present.

REQUEST FOR PRODUCTION NO. 100:

All documents that refer or relate to the common ownership, if any, between Holmes

HTC in Dongguan, PRC and the Holmes Group, Inc. from 1997 to the present.

EXHIBIT B

REQUEST FOR PRODUCTION NO. 101:

All documents that refer or relate to development, marketing, manufacture, sales, and offers to sell between the Holmes Group, Inc. and Holmes HTC or Holmes Programmable Cookers or any other programmable slow cooker.

REQUEST FOR PRODUCTION NO. 102:

All documents that refer or relate to the involvement, if any, of Holmes HTC in the design of Holmes Programmable Cookers or any other programmable slow cooker.

REQUEST FOR PRODUCTION NO. 103:

All documents that refer or relate to Holmes' decision, if any, to assert claims from the Holmes patents-in-suit against any third party or third party product including, but not limited to:

- the Corningware SC-40PL slow cooker
- the All-Clad programmable slow cooker; and
- the Innova, Inc. Ultrex slow cooker.

REQUEST FOR PRODUCTION NO. 104:

All documents that refer or relate to the Rival model no. 3350/2 slow cooker from 1995 to the present.

REQUEST FOR PRODUCTION NO. 105:

All documents that refer or relate to an awareness within the Holmes group, or its predecessor-in-interest of the Rival Crock Pot, of the Rival model no. 3350/2 slow cooker from 1995 to the present.

EXHIBIT B

6

REQUEST FOR PRODUCTION NO. 106:

All documents that refer or relate to awareness of the Rival model no. 3350/2 by Mary K. Barrow, James DeCorbert, Lorens Hlava, Charles Thrasher, or anyone else involved with the preparation and prosecution of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 107:

All documents that refer or relate to the design, construction, manufacture, and date of first sale of the slow cooker circled in red below and underneath the "1974" title as shown on the http://www.crockpot.com/aboutus.aspx website ("circled slow cooker").



REQUEST FOR PRODUCTION NO. 108:

All documents that refer or relate to the circled slow cooker depicted in request no. 107 from 1995 to the present.

7

REQUEST FOR PRODUCTION NO. 109:

All documents that refer or relate to awareness of the circled slow cooker depicted in request no. 107 by Mary K. Barrow, James DeCorbert, Lorens Hlava, Charles Thrasher, or anyone else involved with the preparation and prosecution of the Holmes patents-in-suit.

REQUEST FOR PRODUCTION NO. 110:

All documents that refer or relate to an awareness within the Holmes group, or its predecessor -in-interest of the Rival Crock Pot, of the circled slow cooker depicted in request no. 106 from 1995 to the present.

REQUEST FOR PRODUCTION NO. 111:

All documents that refer or relate to Holmes' discussions with any third party regarding the West Bend Accused Product including, but not limited to, OEM, WalMart, K-Mart, and Target.

REQUEST FOR PRODUCTION NO. 112:

All documents that refer or relate to any opinion of counsel concerning West Bend's charge of infringement of the West Bend Housewares patents-in-suit, including but not limited to any opinions of counsel concerning the infringement, validity, and enforceability of the West Bend Housewares patents-in-suit.

REQUEST FOR PRODUCTION NO. 113:

All documents that refer or relate to Holmes' contention that the West Bend Housewares patents-in-suit are invalid, including but not limited to documents concerning Holmes' contentions that prior art anticipates or renders obvious the West Bend Housewares patents-in-suit.

EXHIBIT B                                    8

REQUEST FOR PRODUCTION NO. 114:

All documents that refer or relate to Holmes' contentions, if any, that there are no secondary considerations of non-obviousness supporting the validity of the West Bend Housewares patents-in-suit. Secondary considerations include the commercial success of embodiments of the West Bend Housewares patents-in-suit; long felt but unmet need for the inventions embodied in the West Bend Housewares patents-in-suit; the failure of others to find a solution for the problems solved by the West Bend Housewares patents-in-suit; and licensing of the West Bend Housewares patents-in-suit.

REQUEST FOR PRODUCTION NO. 115:

All documents that refer or relate to Holmes' contention that the Holmes Accused Products do not infringe the West Bend Housewares patents-in-suit, including but not limited to documents that refer or relate to Holmes' response to West Bend Interrogatory No. 14.

REQUEST FOR PRODUCTION NO. 116:

All documents that refer or relate to Holmes' knowledge of and awareness of the West Bend Housewares patents-in-suit, including but not limited to documents that refer or relate to the date and circumstances under which Holmes first learned of the West Bend design patents.

REQUEST FOR PRODUCTION NO. 117:

All documents that refer or relate to the gross and net profits earned by Holmes on its sales of the Holmes Accused Products, including but not limited to the calculation of gross and net profits, sales prices, revenues, costs of goods sold, marginal costs, incremental costs, variable costs, standard costs, fixed costs, and variances.

EXHIBIT B

REQUEST FOR PRODUCTION NO. 118:

All documents that refer or relate to Holmes' contentions regarding the amount of reasonable royalty damages owed to West Bend if it is determined that Holmes has infringed the West Bend Housewares patents-in-suit.

REQUEST FOR PRODUCTION NO. 119:

All documents that refer or relate to the market for the sale of the Holmes Accused Products, including but not limited to the identity of customers, competitors, competing products, sales prices, elasticity of supply and demand, the size of the market, and the absolute and relative market shares of competitors.

REQUEST FOR PRODUCTION NO. 120:

All documents that refer or relate to the identification and quantification (in units and dollars) of any convoyed or derivative sales and profits arising from the sale of the Holmes Accused Products.

REQUEST FOR PRODUCTION NO. 121:

All documents that refer or relate to Holmes' marketing and promotion of the Holmes Accused Products, including but not limited to Holmes' marketing of the features of the Holmes Accused Products such as advertising of those features and communications with customers regarding the alleged advantages or benefits of those features.

REQUEST FOR PRODUCTION NO. 122:

All documents that refer or relate to the reasons and factual bases for Holmes' contention that its alleged infringement of the West Bend design patents has not been willful.

10

EXHIBIT B

REQUEST FOR PRODUCTION NO. 123:

All documents that refer or relate to royalties paid to, or by, Holmes pursuant to all licenses related to the Holmes patents-in-Suit and all other licenses related to slow cooker appliances.

REQUEST FOR PRODUCTION NO. 124:

All documents that refer or relate to Holmes' claim for a reasonable royalty in this case, including all bases for Holmes' claim, any established royalty rate, and the factors set forth for ascertaining a reasonable royalty rate pursuant to *Georgia Pacific Corp. v. United States Plywood Corp,* 318 F. Supp. 1116 (S.D.N.Y. 1970).

REQUEST FOR PRODUCTION NO. 125:

All documents that refer or relate to the unit and dollar volume of Holmes' sales of all Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 126:

All documents that refer or relate to the gross and net profits earned by Holmes on its sales of all Holmes Programmable Cookers, including but not limited to the calculation of gross and net profits, sales prices, revenues, costs of goods sold, marginal costs, incremental costs, variable costs, standard costs, fixed costs, and variances.

REQUEST FOR PRODUCTION NO. 127:

All documents that refer or relate to the market for the sale of all Holmes Programmable Cookers, including but not limited to the identity of customers, competitors, competing products, sales prices, elasticity of supply and demand, the size of the market, and the absolute and relative market shares of competitors.

11

EXHIBIT B

REQUEST FOR PRODUCTION NO. 128:

All documents that refer or relate to Holmes' claim that it is entitled to recover lost profits, including but not limited to Holmes' definition of the relevant market, the availability of non-infringing substitute products in the relevant market, the amount of Holmes' claimed lost profits, and all bases for Holmes' claim for lost profits.

REQUEST FOR PRODUCTION NO. 129:

All documents that refer or relate to Holmes' ability and capacity to manufacture, market, and sell all of Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 130:

All documents that refer or relate to an identification and quantification (in units and dollars) of any convoyed or derivative sales and profits, if any, arising from the sale of all Holmes Programmable Cookers.

REQUEST FOR PRODUCTION NO. 131:

All documents that refer or relate to Holmes' marketing and promotion of all Holmes Programmable Cookers, including but not limited to Holmes' marketing of the features of all embodiments of the Holmes patents-in-suit such as advertising of those features and communications with customers regarding the alleged advantages or benefits of those features.

/

/

EXHIBIT B

Dated: August 11, 2006                          Respectfully submitted,


                                    By:    /s/ Joseph T. Miotke
                                           Charles A. Laff
                                           Martin L. Stern
                                           MICHAEL BEST & FRIEDRICH LLP
                                           180 North Stetson Avenue, Suite 2000
                                           Chicago, Illinois 60601
                                           Telephone:    312-222-0800
                                           Facsimile:    312-222-0818

Michael E. Husmann                         Erik Paul Belt, Esq.
Joseph T. Miotke                           Bromberg & Sunstein LLP
MICHAEL BEST & FRIEDRICH LLP               125 Summer Street
100 East Wisconsin Avenue, Suite 3300      Boston, MA 02110-1618
Milwaukee, Wisconsin 53202-4108            e-mail: ebelt@bromsun.com
Telephone:    414-271-6560
Facsimile:    414-277-0656

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

THE HOLMES GROUP, INC.

          Plaintiffs,

    v.

WEST BEND HOUSEWARES, LLC and
FOCUS PRODUCTS GROUP, LLC

          Defendants.

No. 05-CV-11367-WGY
(Alexander, M.J.)

## CERTIFICATE OF SERVICE

I, Joseph T. Miotke, hereby declare under penalty of perjury that on August 11, 2006, I caused to be served a true and correct copy of the following documents by email on the person listed below:

1.    West Bend Housewares, LLC's Second Request For Production Of Documents And Things

Glenn T. Henneberger
Hoffman & Baron, LLP
6900 Jericho Turnpike
Syosset, New York 11791
ghenneberger@hoffmannbaron.com
Fax: (516) 822-3582

/s/ Joseph T. Miotke
Joseph T. Miotke

EXHIBIT B

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE HOLMES GROUP, INC.,              :
                                     :
                    Plaintiff,       :      Civil Action No.  05-CV-11367 REK
         v.                          :      (Alexander, M.J.)
                                     :
WEST BEND HOUSEWARES, LLC and        :
FOCUS PRODUCTS GROUP, L.L.C.,        :
                                     :
                    Defendants.      :

## HOLMES' RESPONSES TO WEST BEND'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff, The Holmes Group, Inc. (hereinafter "Holmes") submits the following Answers

to Defendants, West Bend Housewares, LLC and Focus Products Group, L.L.C. (hereinafter

collectively "West Bend") First Request for Production of Documents and Things.

These responses are subject to the following General Objections:

### GENERAL OBJECTIONS

1.     A number of West Bend's First Set of Requests for Production of Documents

would, if literally obeyed, require review of each and every page of all of Holmes' hundreds of

thousands of documents to ascertain whether a particular document mentions or refers to or

relates to a specified matter.  Holmes, therefore, objects to these requests as being so broad as to

be unreasonably burdensome and oppressive, and as being indefinite in failing to define with

requisite particularity the documents sought.  Holmes will review those portions of Holmes' files

where relevant documents may reasonably be expected to be found, and will produce those

discovered which are responsive to a request and which are not subject to other objections.

EXHIBIT C

2.     Holmes objects to West Bend's document requests to the extent that they are

contrary to, unauthorized by, or go beyond the requirements set forth by the Federal Rules of

Civil Procedure and/or the Local Rules of the United States District Court for the District of

Massachusetts, or are otherwise unduly burdensome, oppressive, difficult to follow and/or

understand, or require unreasonable investigation by Holmes.

3.     Holmes objects to the production of privileged documents.  Notwithstanding

Holmes' specific responses, including objections made herein, Holmes hereby reserves its right

to assert all claims of privilege (including those of attorney/client privilege or attorney's work

product immunity) with respect to any document or thing sought by West Bend herein.  To the

extent that any document produced may concern matters as to which privilege could be, but is

not claimed, no waiver is intended, and privilege as to any additional or other documents or to

materials, whether or not on the same subject, is not to be deemed waived.

4.     All responses to requests are made on the basis of information presently available

to Holmes after a reasonably diligent investigation of the facts from present employees likely to

have information or to materials, and from a reasonably thorough search through those of

Holmes' files where requested materials, not subject to objection, are likely to be found.  All

responses are subject to change if further information should be located.

5.     To the extent that West Bend's document requests apply to information which is,

or to materials containing, confidential, technical, financial or other commercial information of

Holmes or which were received by Holmes under any agreement, order or circumstance

imposing confidence, or which would be of undue advantage to competitors of Holmes, such

requests are objected to on the ground of confidentiality, and shall only be produced subject to a

suitable Protective Order entered by the Court in this case.

- 2 -

EXHIBIT C

6.    Holmes objects to any request to the extent that it is directed to subject matter immaterial to an issue in this case or otherwise irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

7.    Holmes objects to any request to the extent that it seeks documents which are not in the possession, custody or control of Holmes.

8.    Except to the extent responded to, Holmes objects to all the document requests as unwarranted, as not relevant, and as unduly and unreasonably burdensome and oppressive.

9.    Holmes objects to West Bend's requests to the extent they request information already known to West Bend, or available to West Bend from documents in West Bend's own files or from public sources.

Each response given below is subject to the appropriate ones of the foregoing objections and each response is to be deemed limited as indicated above and to exclude any matters objected to. Furthermore, to the extent that discovery in this case is ongoing, Holmes reserves the right to amend or supplement its objections and responses to West Bend's First Request for Production of Documents.

EXHIBIT C

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### Request No. 1

All documents and things that refer or related to the conception, creation, design, marketing, promotion, sale, offer for sale, manufacture, or development of any and all versions of: (a) the Holmes Programmable Cookers and/or (b) packaging, advertising, marketing and promotional material thereof.

### Response to Request No. 1

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 2

All documents and things that refer or relate to the West Bend Accused Products or the promotional materials therefor, including any samples of the West Bend Housewares Cookers in Holmes' possession or control.

### Response to Request No. 2

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

- 4 -

EXHIBIT C

the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence and produce for inspection sample West Bend Accused Products.

**Request No. 3**

All documents that refer or relate to analyses, reports, reviews, statements or opinions of anyone, including, but not limited to Holmes's employees or agents, advertising agencies, directors or officers, or customers or potential customers, regarding the similarity or dissimilarity between the Holmes Programmable Cookers or promotional materials therefor, on the one hand, and the West Bend Accused Products, packages or promotional materials therefor on the other hand.

**Response to Request No. 3**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 5 -

EXHIBIT C

**Request No. 4**

All documents that refer or relate to searches, surveys, market studies or presentations, consumer studies, focus groups or other investigations or reports conducted by or on behalf of Holmes that relate or refer to (a) the Holmes Programmable Cookers, packages and related promotional materials, and/or (b) the West Bend Accused Products, packages and related promotional materials, or components of either packages or related promotional material.

**Response to Request No. 4**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 5**

All documents intended for distribution to the trade or public regarding the Holmes Programmable Cookers, including but not limited to announcements, press releases, letters flyers, price lists, advertising, marketing or promotional materials and drafts thereof.

**Response to Request No. 5**

Holmes objects to this request to the extent that it seeks production of information that is,

- 6 -

EXHIBIT C

or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 6**

All documents that refer or relate to alternative designs considered by Holmes for the Holmes Programmable Cookers.

**Response to Request No. 6**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 7 -

EXHIBIT C

**Request No. 7**

One sample of each Holmes slow cooker appliance identified in Holmes' response to Interrogatory No. 15, including all packaging material, marketing material, and user's manual for each.

**Response to Request No. 7**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce for inspection relevant sample products and non-privileged documents in existence.

**Request No. 8**

All documents constituting, referring to, or relating to any Prior Art or other reference known to or in the possession of Holmes or the inventors of the Holmes patents-in-suit concerning the subject matter disclosed or claimed in the Holmes patents-in-suit, whether or not such document was cited to the U.S. Patent and Trademark Office or any other patent office in connection with the prosecution of the Holmes' patents-in-suit, or any foreign counterparts.

**Response to Request No. 8**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 8 -

EXHIBIT C

**Request No. 9**

All documents constituting, referring to, or relating to any Prior Art or other reference known to or in the possession of Holmes concerning the subject matter disclosed or claimed in the West Bend patents-in-suit.

**Response to Request No. 9**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 10**

Samples of all advertisements of any sort distributed by Holmes's customers or other third parties advertising, promoting or showing the Holmes Programmable Cookers.

**Response to Request No. 10**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Holmes also objects to this request to the extent that it seeks documents not in the possession, custody or control of Holmes. Subject to and without waiver of the General

- 9 -

EXHIBIT C

Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 11

All documents and things that refer or relate to the promotional materials for the Holmes Programmable Cookers.

### Response to Request No. 11

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Holmes also objects to this request to the extent that it seeks documents not in the possession, custody or control of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 10 -

EXHIBIT C

**Request No. 12**

All documents, including but not limited to, purchase orders, invoices, shipping documents, proposals, quotes, order confirmation, financial statements, sales reports, profit and loss statements, or other such documents, that show or relate to sales of the Holmes Programmable Cookers.

**Response to Request No. 12**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 13**

All documents that relate or refer to or were used to establish the selling prices of the Holmes Programmable Cookers.

**Response to Request No. 13**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or

- 11 -

EXHIBIT C

which would be of undue advantage to competitors of Holmes.  Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity.  Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence.  Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

### Request No. 14

All documents that relate or refer to any profit made by Holmes from the sale of the

Holmes Programmable Cookers.

### Response to Request No. 14

Holmes objects to this request to the extent that it seeks production of information that is,

or to materials containing, confidential, financial or other commercial information of Holmes, or

which would be of undue advantage to competitors of Holmes.  Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity.  Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence.  Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

, relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 15**

All documents that relate or refer to Holmes's decision to manufacture and sell the Holmes Programmable Cookers.

**Response to Request No. 15**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 16**

All documents that refer or relate to any trademark, copyright or patent application for or relating to the Holmes Programmable Cookers or any component(s) thereof or any related advertising or promotional materials or any elements or parts thereof, and any patent or trademark search reports and opinions referring or relating to the Holmes Programmable Cookers.

**Response to Request No. 16**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or

- 13 -

EXHIBIT C

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

**Request No. 17**

All documents that refer or relate to Holmes's knowledge of West Bend Housewares'

sales, advertising and marketing of the West Bend Accused Products.

**Response to Request No. 17**

Holmes objects to this request to the extent that it seeks production of information that is,

or to materials containing, confidential, financial or other commercial information of Holmes, or

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 18**

All documents referring or relating to Holmes's marketing plans or strategies for the Holmes Programmable Cookers and promotional materials therefor, including but not limited to marketing plans or reports, correspondence, memoranda and notes.

**Response to Request No. 18**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 19**

All documents or other tangible things that Holmes intends to rely on or offer as evidence at any hearing or trial in this case.

**Response to Request No. 19**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue

- 15 -

EXHIBIT C

advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 20**

All documents containing any list or any collection of names and addresses of Holmes's customers, sales representatives or distributors who have purchased, offered to sell, sold, distributed, stocked or taken orders for the Holmes Programmable Cookers.

**Response to Request No. 20**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 21**

All documents evidencing communications, written, verbal, electronic, or other, between Holmes and any other person referring or relating to the West Bend Accused Products, West Bend Housewares patents-in-suit, Holmes patents-in-suit or the Holmes Programmable Cookers, including but not limited to communications with current or previous legal counsel.

- 16 -

EXHIBIT C

### Response to Request No. 21

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 22

All documents identified in Holmes's responses to West Bend Housewares' Interrogatories.

### Response to Request No. 22

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 17 -

EXHIBIT C

**Request No. 23**

All documents that supported or formed a basis for the preparation of Holmes's responses to West Bend Housewares' Interrogatories.

**Response to Request No. 23**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 24**

All documents that relate to Holmes's document retention policies, including but not limited to policies regarding schematic diagrams, source code, invention disclosures, documents relating to inventions and patents, and electronic mail.

**Response to Request No. 24**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible

- 18 -

EXHIBIT C

evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 25**

All documents that relate to each of the Holmes patents-in-suit, including without limitation (i) all documents submitted to or received from the U.S. Patent and Trademark Office or any foreign patent office or foreign representative representing Holmes and/or its predecessors in interest before a foreign patent office; (ii) internal correspondence and memoranda; and (iii) correspondence with persons or entities not employed by Holmes.

**Response to Request No. 25**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 19 -

EXHIBIT C

**Request No. 26**

All patents or patent applications (foreign or domestic, pending, abandoned, or issued) owned, controlled, or licensed by Holmes that relate to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit.

**Response to Request No. 26**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 27**

All documents and things that relate to:

(a) the ownership of each of the Holmes patents-in-suit;

(b) the ownership of rights to any patent related to any of the Holmes patents-in-suit, including any foreign counterpart to any of the Holmes patents-in-suit;

(c) the assignment of rights to any of the Holmes patents-in-suit;

(d) the assignment of rights to any foreign counterpart to any of the Holmes patents-in-suit.

- 20 -

EXHIBIT C

**Response to Request No. 27**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 28**

Documents sufficient to identify all persons involved with the prosecution of each of the Holmes patents-in-suit, related patents or related applications.

**Response to Request No. 28**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 21 -

EXHIBIT C

**Request No. 29**

All documents that relate to the preparation and prosecution of each of the Holmes patents-in-suit, related patents or related applications, and patent applications sharing priority, directly or indirectly, with the Holmes patents-in-suit, including any files of any attorney or agent involved in the prosecution of each of the Holmes patents-in-suit, related patents or related applications.

**Response to Request No. 29**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 30**

All documents relating to communications or correspondence with any patent attorney or patent agent in connection with the filing and prosecution of the application or applications that led to each of the Holmes patents-in-suit or its foreign counterparts.

**Response to Request No. 30**

Holmes objects to this request to the extent it seeks documents covered by the

EXHIBIT C

attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 31**

All documents that relate to or constitute patents, publications, written descriptions, or other prior art references of which Holmes is aware that concern, teach, suggest, disclose, describe, or claim any invention disclosed, described, or claimed in any of the Holmes patents-in-suit.

**Response to Request No. 31**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 32**

All documents relating to any prior art reference or potential prior art reference located, reviewed, cited, or known to you or to any of the applicants for any of the Holmes patents-in-suit relating in any manner to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit, including without limitation documents located, reviewed, or cited in connection with any study or search to determine the patentability of any such invention, the validity or enforceability of any of the claims of such patent or patent application, or the enforceable scope of any of the claims of such patent or patent application.

**Response to Request No. 32**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 33**

All documents that relate to searches, investigations, or evaluations as to the novelty, patentability, validity, enforceability, or scope of the Holmes patents-in-suit, related patents, or related applications, including domestic or foreign patents, or other published materials.

- 24 -

EXHIBIT C

**<u>Response to Request No. 33</u>**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**<u>Request No. 34</u>**

All documents that relate to the alleged advantages of any invention disclosed, described, or claimed in any of the Holmes patents-in-suit over the prior art.

**<u>Response to Request No. 34</u>**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this

- 25 -

EXHIBIT C

case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 35**

All documents that relate to any opinion regarding the validity, enforceability, or infringement of the Holmes patents-in-suit.

**Response to Request No. 35**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 36**

All documents relating to the scope of any claim in the any of the Holmes patents-in-suit.

**Response to Request No. 36**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes further objects to this request as overly broad, unduly

- 26 -

EXHIBIT C

burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 37**

All documents relating to any assertion or claim by any person relating to the scope or interpretation of any claim of any of the Holmes patents-in-suit.

**Response to Request No. 37**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 38**

All documents relating to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person having ordinary skill in the art to which any invention disclosed, described, or claimed in any of the Holmes patents-in-suit pertains (as this phrase is used in 35 U.S.C. § 103).

- 27 -

EXHIBIT C

### Response to Request No. 38

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it is irrelevant to the issues in the case. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 39

All documents relating to any West Bend Housewares product that Holmes asserts infringes any of the Holmes patents-in-suit.

### Response to Request No. 39

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 40

All documents that relate to the decision by Holmes to bring a patent infringement lawsuit against West Bend Housewares, including documents that identify or state the date of Holmes's first awareness of West Bend Housewares' alleged infringement or West Bend Accused Product, all documents comprising and concerning such first awareness, all documents

- 28 -

EXHIBIT C

that identify the persons who first became aware of such alleged infringement, all documents that describe the action taken by such persons upon and after gaining such awareness, and all documents relied on by Holmes for facts in support of Holmes's infringement allegation, including tests and analyses performed on West Bend Accused Product(s) for the purpose of determining whether West Bend Accused Product(s) infringe each of the Holmes patents-in-suit prior to filing the complaint in the present lawsuit.

**Response to Request No. 40**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 41**

All documents relating to any legal or administrative proceedings involving any of the Holmes patents-in-suit or any foreign counterpart of the Holmes patents-in-suit, including without limitation pleadings, transcripts of hearings, depositions, and trial transcripts, and any documents constituting exhibits offered or admitted in any such proceeding.

- 29 -

EXHIBIT C

**Response to Request No. 41**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 42**

All documents written by or for Holmes, including speeches, interviews, publications, press releases or other descriptions, that relate to any of the Holmes patents-in-suit, this lawsuit, or any product Holmes suspects or believes to infringe any of the Holmes patents-in-suit.

**Response to Request No. 42**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections

- 30 -

EXHIBIT C

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 43

All documents referring to or comprising communications with any third party or internal communications in which West Bend or any West Bend Accused Product was referenced or discussed.

### Response to Request No. 43

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 44

All documents that relate to the conception or experimental use of any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

### Response to Request No. 44

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or

- 31 -

EXHIBIT C

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

**Request No. 45**

All documents that relate to the first reduction to practice of any invention claimed,

disclosed, or described in any of the Holmes patents-in-suit.

**Response to Request No. 45**

Holmes objects to this request to the extent that it seeks production of information that is,

or to materials containing, confidential, financial or other commercial information of Holmes, or

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

- 32 -

EXHIBIT C

**Request No. 46**

All documents that relate to or show diligence (as the term is used in 35 U.S.C. § 102) between the conception of any of the inventions disclosed in the Holmes patents-in-suit and the first reduction to practice of the subject matter of that invention.

**Response to Request No. 46**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 47**

All documents including drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, emails, memoranda, reports, test results, that relate to, or were created, used, or referred to in connection with, the design, research, development, or testing of the subject matter claimed, disclosed, or described by each of the Holmes patents-in-suit.

**Response to Request No. 47**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or

EXHIBIT C

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

**Request No. 48**

All documents relating to the first time each Holmes Programmable Cooker was first

sold, offered for sale, first publicly disclosed, or first disclosed to a person not then employed by

Holmes.

**Response to Request No. 48**

Holmes objects to this request to the extent that it seeks production of information that is,

or to materials containing, confidential, financial or other commercial information of Holmes, or

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 49**

Documents sufficient to identify all persons who participated in the design or development of every product ever made that embodies, practices, or employs or is capable of embodying, practicing or employing any invention disclosed, described, or claimed in any of the Holmes patents-in-suit.

**Response to Request No. 49**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 50**

All documents relating to any product ever made or sold at any time by any entity anywhere in the world that embodies, practices or employs any invention disclosed, described, or claimed in any of the Holmes patents-in-suit, including without limitation, samples, prototypes, laboratory notebooks, engineering notebooks, design requirements, design reviews, specifications, schematics, drawings, diagrams, blueprints, sketches, flow charts, manuals, reports, evaluations, tests, correspondence and emails.

- 35 -

EXHIBIT C

**Response to Request No. 50**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Holmes further objects to this request as seeking documents and things not in the possession, custody and/or control of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 51**

One working sample of each product developed, manufactured, or assembled that embodies, practices or employs or is capable of embodying, practicing or employing any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

**Response to Request No. 51**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible

- 36 -

EXHIBIT C

evidence. Holmes further objects to this request to the extent it seeks sample products not in the

possession, custody and/or control of Holmes. Subject to and without waiver of the General

Objections and these specific objections and subject to a suitable Protective Order entered by the

Court in this case, Holmes will produce for inspection relevant sample products in existence.

**Request No. 52**

All documents, including notebooks, diaries, files, appointment calendars, research

reports, or workbooks that relate to the subject matter of any invention claimed, disclosed, or

described any of the in the Holmes patents-in-suit.

**Response to Request No. 52**

Holmes objects to this request to the extent that it seeks production of information that is,

or to materials containing, confidential, financial or other commercial information of Holmes, or

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence. Holmes further objects to this request as being duplicative of previous requests.

Subject to and without waiver of the General Objections and these specific objections and

subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

- 37 -

EXHIBIT C

**Request No. 53**

All documents relating to communications with any of the inventors of any of the Holmes patents-in-suit, relating to the Holmes patents-in-suit, the claimed inventions of the Holmes patents-in-suit, the prosecution of the Holmes patents-in-suit, any alleged infringement of the Holmes patents-in-suit, or any analysis of the validity or enforceability of the Holmes patents-in-suit.

**Response to Request No. 53**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Holmes further objects to this request as being duplicative of previous requests. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 54**

All documents that relate to the first written description of any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

**Response to Request No. 54**

Holmes objects to this request to the extent that it seeks production of information that is,

- 38 -

EXHIBIT C

or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 55**

All documents that relate to any mode contemplated by any inventor for carrying out any invention disclosed, described, or claimed in any of the Holmes patents-in-suit.

**Response to Request No. 55**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as being vague and indefinite, overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 56**

All documents relating to any problems purportedly solved by any invention disclosed, described or claimed in any of the Holmes patents-in-suit, or to solutions to such problems considered by Holmes or any inventor of any of the Holmes patents-in-suit.

**Response to Request No. 56**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 57**

All documents that relate to failures by any person to solve any problem claimed to be solved by any invention disclosed, described, or claimed in the Holmes patents-in-suit.

**Response to Request No. 57**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product

- 40 -

EXHIBIT C

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

### Request No. 58

All documents that relate to whether any invention disclosed, described, or claimed in the Holmes patents-in-suit, or any product that embodies, practices or employs any invention disclosed, described, or claimed in the Holmes patents-in-suit, fulfilled any long-felt, but unresolved need.

### Response to Request No. 58

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 41 -

EXHIBIT C

## Request No. 59

All documents relating to the belief by the inventor(s) of each of the Holmes patents-in-suit that he is or was the original and first inventor (as this phrase is used in 35 U.S.C. § 115) of any invention disclosed, described, or claimed by any of the Holmes patents-in-suit.

## Response to Request No. 59

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

## Request No. 60

All documents relating to whether the inventor(s) of each of the Holmes patents-in-suit himself invented (as this phrase is used in 35 U.S.C. § 102(f)) any invention disclosed, described, or claimed in each of the Holmes patents-in-suit.

## Response to Request No. 60

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections

- 42 -

EXHIBIT C

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 61**

All documents relating to whether any invention disclosed, described, or claimed in the Holmes patents-in-suit, or any product that embodies, practices or employs any invention disclosed, described, or claimed in the any of the Holmes patents-in-suit, has been commercially successful.

**Response to Request No. 61**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 62**

All documents that relate to whether any invention disclosed, described, or claimed in any of the Holmes patents-in-suit has been copied by others.

**Response to Request No. 62**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

- 43 -

EXHIBIT C

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

**Request No. 63**

All documents that relate to or demonstrate that the significance of any invention

disclosed, described, or claimed in any of the Holmes patents-in-suit has been recognized by the

relevant industry or received industry acclaim.

**Response to Request No. 63**

Holmes objects to this request to the extent that it seeks production of information that is,

or to materials containing, confidential, financial or other commercial information of Holmes, or

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

**Request No. 64**

For each product developed, manufactured, or assembled by or for Holmes, or under

license from Holmes, that embodies, practices or employs, or is capable of embodying,

practicing or employing any invention claimed, disclosed, or described in any of the Holmes

patents-in-suit, all documents relating to press releases, product announcements, product

advertisements, the first sale, first offer for sale, possible future sale, first license, first offer to

- 44 -

EXHIBIT C

license, possible future license, testing, first demonstration, use, or disclosure of that product in front of anyone not then employed by Holmes.

**Response to Request No. 64**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 65**

All documents and things that were publicly disclosed by Holmes, including publications, articles, conference papers, or technical or marketing presentations, that relate to any product that Holmes believes embodies, practices or employs or is capable of embodying, practicing or employing any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

**Response to Request No. 65**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product

- 45 -

EXHIBIT C

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 66**

All documents relating to the competitors in the market for any product embodying, practicing or employing any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

**Response to Request No. 66**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 67**

All documents that relate to Holmes's and/or its competitors' actual or projected market share in the relevant market for any product alleged to practice and/or infringe any claim of any of the Holmes patents-in-suit.

**Response to Request No. 67**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 68**

All documents that relate to the absence or presence of any acceptable non-infringing substitutes in the relevant market for any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

**Response to Request No. 68**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request

- 47 -

EXHIBIT C

to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 69**

All documents that relate to license, distribution agreements, broker agreements, franchise agreements, quitclaims, conveyances, negotiations to license or convey, offers to license or convey, or other transfers of rights to or from Holmes relating to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit and any other documents relating to Holmes's consent or permission to third parties to use any technology relating to any invention disclosed, described, or claimed by any of the Holmes patents-in-suit.

**Response to Request No. 69**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 48 -

EXHIBIT C

**Request No. 70**

All documents that relate to notice by Holmes to anyone, including, without limitation West Bend Housewares, of alleged patent rights or infringement claims regarding any of the Holmes patents-in-suit.

**Response to Request No. 70**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 71**

All documents that refer or relate to Holmes's first awareness of any alleged infringement of the Holmes patents-in-suit, including without limitation any alleged infringement by West Bend Housewares.

**Response to Request No. 71**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

- 49 -

EXHIBIT C

the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 72**

All documents that refer or relate to the marking of any product developed, manufactured, or assembled for or by Holmes, or developed, manufactured, or assembled under license from Holmes, with the patent number of any of the Holmes patents-in-suit.

**Response to Request No. 72**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 73**

All documents that relate to Holmes's allegations of willful infringement of the Holmes patents-in-suit by West Bend Housewares.

**Response to Request No. 73**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered

- 50 -

EXHIBIT C

by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 74**

All documents relating to or relied upon to support Holmes's allegation that Holmes is entitled to recover damages as provided by 35 U.S.C. § 284.

**Response to Request No. 74**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 75**

All documents that Holmes may rely upon as evidence supporting any damages theory that Holmes may assert in this action, including without limitation all documents that comprise the basis for any calculations of a reasonable royalty for the Holmes patents-in-suit.

**Response to Request No. 75**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 76**

Documents sufficient to show royalties paid by each licensee or sublicensee, on a quarterly and annual basis, to Holmes pursuant to any license or sublicense granted under any of the Holmes patents-in-suit, including any license or sublicense that includes the any of the Holmes patents-in-suit in addition to any patent that is not in suit.

**Response to Request No. 76**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 77**

Documents sufficient to show by product number, marketing name, version number, or other identifying data, sales on a quarterly and annual basis for any product developed, manufactured, or assembled by or for Holmes that embodies or practices any invention claimed, disclosed, or described in any of the Holmes patents-in-suit.

**Response to Request No. 77**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product

- 52 -

EXHIBIT C

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 78**

All documents relating to any costs incurred in the research or development of any invention, product or device developed, manufactured, or assembled by or for Holmes that embodies or practices any claim of any of the Holmes patents-in-suit.

**Response to Request No. 78**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 79**

All documents that relate to any sales that Holmes claims to have lost due to West Bend Housewares' alleged infringement of the Holmes patents-in-suit.

EXHIBIT C

**Response to Request No. 79**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 80**

All documents that relate to any lost profits attributable to sales Holmes claims to have lost due to West Bend Housewares' alleged infringement of the Holmes patents-in-suit.

**Response to Request No. 80**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

EXHIBIT C

relevant non-privileged documents in existence.

EXHIBIT C

**Request No. 81**

All documents that relate to the methodology employed by Holmes to determine the amount of any profits Holmes claims to have lost, or claims it will lose, as a consequence of West Bend Housewares' alleged infringement of any of the Holmes patents-in-suit.

**Response to Request No. 81**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 82**

Documents sufficient to show Holmes's revenues, costs, and profits relating to any product employing, practicing or embodying any invention claimed in any of the Holmes patents-in-suit, by product and by month and year.

**Response to Request No. 82**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

- 56 -

EXHIBIT C

the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 83**

All Holmes annual reports and SEC filings, from 1998 to the present.

**Response to Request No. 83**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

- 57 -

EXHIBIT C

**Request No. 84**

All documents relating to or relied upon to support Holmes's allegation that Holmes is entitled to reasonable attorneys' fees as provided by 35 U.S.C. § 285.

**Response to Request No. 84**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 85**

All documents relating to each expert Holmes expects to call as a witness, including any opinions rendered, any documents upon which each opinion of such expert is based, all documents authored or contributed to and all presentations given or participated in by such expert, all documents that Holmes has shown or otherwise made available to such expert, and each document that such expert has shown or transmitted to Holmes.

**Response to Request No. 85**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as being premature. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence at the appropriate time under Fed. R. Civ. P. 26.

- 58 -

EXHIBIT C

**Request No. 86**

For each West Bend Accused Product, produce documents establishing Holmes's factual basis for alleging infringement by West Bend Housewares of each of the Holmes patents-in-suit, including all documents giving rise to, comprising, concerning, or reflecting the date of Holmes's first awareness or belief of West Bend Housewares' alleged infringement, identifying all persons with knowledge of such first awareness, describing the action taken by such persons upon and after gaining such awareness, and identifying all documents, data, or information relied on by Holmes in support of Holmes's infringement analysis, including tests and analyses performed on West Bend Housewares' Accused Product(s) prior to filing the complaint in the present lawsuit for the purpose of determining whether West Bend Housewares' Accused Product(s) infringes each of the Holmes patents-in-suit.

**Response to Request No. 86**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence. Holmes further objects to this request as being duplicative of previous requests.

EXHIBIT C

**Request No. 87**

Produce all documents, including discovery responses, produced to EuroPro Operating

LLC in case no. 1:05-CV-10504-NMG, pending in the United States District Court for the

District of Massachusetts.

**Response to Request No. 87**

Holmes objects to this request to the extent that it seeks production of information that is,

or to materials containing, confidential, financial or other commercial information of Holmes, or

which would be of undue advantage to competitors of Holmes. Holmes objects to this request to

the extent it seeks documents covered by the attorney/client and/or attorney's work product

immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant

to the issues in this case and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiver of the General Objections and these specific objections

and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce

relevant non-privileged documents in existence.

**Request No. 88**

Produce all documents, including discovery responses, produced by EuroPro Operating

LLC in case no. 1:05-CV-10504-NMG, pending in the United States District Court for the

District of Massachusetts.

**Response to Request No. 88**

Holmes objects to this request to the extent it seeks documents which cannot be produced

by Holmes in view of the Protective Order entered in that case. Subject to and without waiver of

the General Objections and this specific objection and subject to a suitable Protective Order

- 60 -

EXHIBIT C

entered by the Court in this case, Holmes will produce relevant, responsive documents which have not been designated Confidential by Euro-Pro pursuant to the Protective Order in that case.

**Request No. 89**

All documents that support, relate, or refer in any way to Holmes's denials of the allegations of the West Bend counterclaim, Holmes's affirmative defenses to the West Bend Counterclaim, and Holmes's allegations in its declaratory judgment counterclaims.

**Response to Request No. 89**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 90**

All documents that support, relate, or refer in any way to Holmes's contention that it does not infringe the West Bend Housewares patents-in-suit.

**Response to Request No. 90**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue

- 61 -

EXHIBIT C

advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 91**

All documents that support, relate, or refer in any way to Holmes's contention that the West Bend Housewares patents-in-suit are invalid.

**Response to Request No. 91**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes or which would be of undue advantage to competitors of Holmes. Subject to and without waiver of the General Objections and these specific objections and subject to a suitable Protective Order entered by the Court in this case, Holmes will produce relevant non-privileged documents in existence.

**Request No. 92**

All documents relating or referring to any opinion or analysis concerning the scope, enforceability, validity, invalidity, infringement, or non-infringement of the West Bend Housewares patents-in-suit.

**Response to Request No. 92**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request to the extent that it seeks production of information that is, or to materials containing,

- 62 -

EXHIBIT C

confidential, financial or other commercial information of Holmes or which would be of undue

advantage to competitors of Holmes. Subject to and without waiver of the General Objections

and these specific objections and subject to a suitable Protective Order entered by the Court in

this case, Holmes will produce relevant non-privileged documents in existence.

Respectfully submitted,

THE HOLMES GROUP, INC.
By its Attorneys,

Dated: February 24, 2006

/s/ Glenn T. Henneberger
Charles R. Hoffmann, Esq. (*Pro Hac Vice*)
CRHDocket@hoffmannbaron.com
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)
GTHDocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, New York 11791-4407
Telephone: (516) 822-3550
Facsimile: (516) 822-3582

and

Nicholas J. Nesgos (BBO No. 553177)
nnesgos@pbl.com
Joseph W. Corrigan (BBO No. 647393)
jcorrigan@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts 02199-8004
Telephone: (617) 973-6100
Facsimile: (617) 367-2315

EXHIBIT C

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing HOLMES' RESPONSES TO WEST

BEND'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS has been

served via e-mail, this 24th day of February, 2006 upon the following:

> Erik Paul Belt
> Bromberg & Sunstein LLP
> 125 Summer Street
> Boston, Massachusetts 02110
> Telephone: (617) 443-9292
> Facsimile: (617) 443-0004
> ebelt@bromsun.com
>
> Michael E. Husmann
> Joseph T. Miotke
> Michael Best & Friedrich LLP
> 100 E. Wisconsin Ave.
> Milwaukee, Wisconsin 53202
> Telephone.: (414) 271-6550
> Facsimile: (414) 277-0656
> mehusmann@michaelbest.com
> jtmiotke@michaelbest.com
>
> and
>
> Martin L. Stern, Esq.
> Michael Best & Friedrich LLP
> 401 N. Michigan Avenue - Ste. 1900
> Chicago, Illinois 60611
> MLStern@michaelbest.com

> /s/ Glenn T. Henneberger
> Glenn T. Henneberger

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HOLMES GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-CV-11367 WGY |
| v. | : | (Alexander, M.J.) |
| | : | |
| WEST BEND HOUSEWARES, LLC and | : | |
| FOCUS PRODUCTS GROUP, L.L.C., | : | |
| | : | |
| Defendants. | : | |

## HOLMES' RESPONSES TO WEST BEND'S SECOND
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff, The Holmes Group, Inc. (hereinafter "Holmes") submits the following responses to Defendants, West Bend Housewares, LLC "West Bend") Second Request for Production of Documents and Things.

These responses are subject to the following General Objections:

## GENERAL OBJECTIONS

1.     A number of West Bend's Second Set of Requests for Production of Documents would, if literally obeyed, require review of each and every page of all of Holmes' hundreds of thousands of documents to ascertain whether a particular document mentions or refers to or relates to a specified matter. Holmes, therefore, objects to these requests as being so broad as to be unreasonably burdensome and oppressive, and as being indefinite in failing to define with requisite particularity the documents sought. Holmes will review those portions of Holmes' files where relevant documents may reasonably be expected to be found, and will produce those discovered which are responsive to a request and which are not subject to other objections.

EXHIBIT D

2.      Holmes objects to West Bend's document requests to the extent that they are contrary to, unauthorized by, or go beyond the requirements set forth by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts, or are otherwise unduly burdensome, oppressive, difficult to follow and/or understand, or require unreasonable investigation by Holmes.

3.      Holmes objects to the production of privileged documents.  Notwithstanding Holmes' specific responses, including objections made herein, Holmes hereby reserves its right to assert all claims of privilege (including those of attorney/client privilege or attorney's work product immunity) with respect to any document or thing sought by West Bend herein.  To the extent that any document produced may concern matters as to which privilege could be, but is not claimed, no waiver is intended, and privilege as to any additional or other documents or to materials, whether or not on the same subject, is not to be deemed waived.

4.      All responses to requests are made on the basis of information presently available to Holmes after a reasonably diligent investigation of the facts from present employees likely to have information or to materials, and from a reasonably thorough search through those of Holmes' files where requested materials, not subject to objection, are likely to be found.  All responses are subject to change if further information should be located.

5.      To the extent that West Bend's document requests apply to information which is, or to materials containing, confidential, technical, financial or other commercial information of Holmes or which were received by Holmes under any agreement, order or circumstance imposing confidence, or which would be of undue advantage to competitors of Holmes, such requests are objected to on the ground of confidentiality, and shall only be produced subject to a

EXHIBIT D

- 2 -

suitable Protective Order entered by the Court in this case.

6.      Holmes objects to any request to the extent that it is directed to subject matter immaterial to an issue in this case or otherwise irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

7.      Holmes objects to any request to the extent that it seeks documents which are not in the possession, custody or control of Holmes.

8.      Except to the extent responded to, Holmes objects to all the document requests as unwarranted, as not relevant, and as unduly and unreasonably burdensome and oppressive.

9.      Holmes objects to West Bend's requests to the extent they request information already known to West Bend, or available to West Bend from documents in West Bend's own files or from public sources.

Each response given below is subject to the appropriate ones of the foregoing objections and each response is to be deemed limited as indicated above and to exclude any matters objected to.  Furthermore, to the extent that discovery in this case is ongoing, Holmes reserves the right to amend or supplement its objections and responses to West Bend's Second Request for Production of Documents.

EXHIBIT D

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 93:

All documents that refer or relate to the inclusion of Mary K. Barrow as an inventor on U.S. provisional patent application nos. 60/189,43 and 60/196,293.

**Response to Request No. 93**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 94:

All documents that refer or relate to the removal of Mary K. Barrow as an inventor on U.S. provisional patent application nos. 60/189,43 and 60/196,293.

**Response to Request No. 94**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 95:

All documents that refer or relate to Mary K. Barrow's involvement in the design or marketing of the Holmes Programmable Cookers or any programmable slow cooker.

**Response to Request No. 95**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 96:

All documents that refer or relate to the inclusion of James DeCorbert, Lorens Hlava, and Charles Thrasher as inventors on U.S. provisional patent application nos. 60/189,43 and 60/196,293.

**Response to Request No. 96**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 97:

All documents that refer or relate to James DeCorbert's, Lorens Hlava's, and Charles Thrasher's involvement in the design or marketing of the Holmes Programmable Cookers or any programmable slow cooker.

EXHIBIT D

**Response to Request No. 97**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes.  Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity.  Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 98:

All documents that refer or relate to the ownership of Holmes HTC in Dongguan, PRC from 1997 to the present.

**Response to Request No. 98**

Holmes objects to this request as outside the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts.  Holmes objects to this request as overly broad and irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Holmes requests that West Bend provide its basis for requesting such documents and the relevance to the issues in this case. Holmes will not produce documents responsive to this request unless West Bend can establish the relevance of such documents to the issues presented herein.

REQUEST FOR PRODUCTION NO. 99:

All documents that refer or relate to the ownership of the Holmes Group, Inc. from 1997 to the present.

EXHIBIT D

**Response to Request No. 99**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 100:

All documents that refer or relate to the common ownership, if any, between Holmes HTC in Dongguan, PRC and the Holmes Group, Inc. from 1997 to the present.

**Response to Request No. 100**

Holmes objects to this request as outside the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts. Holmes objects to this request as overly broad and irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Holmes requests that West Bend provide its basis for requesting such documents and the relevance to the issues in this case. Holmes will not produce documents responsive to this request unless West Bend can establish the relevance of such documents to the issues presented herein.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 101:

All documents that refer or relate to development, marketing, manufacture, sales, and offers to sell between the Holmes Group, Inc. and Holmes HTC or Holmes Programmable Cookers or any other programmable slow cooker.

**Response to Request No. 101**

Holmes objects to this request as vague and indefinite. Holmes cannot ascertain the documents being sought by West Bend without further clarification. It is unclear as to what is meant by "between the Holmes Group, Inc. and Holmes HTC or Holmes Programmable Cookers or any other programmable slow cooker." Upon clarification of this request, Holmes will provide its response.

REQUEST FOR PRODUCTION NO. 102:

All documents that refer or relate to the involvement, if any, of Holmes HTC in the design of Holmes Programmable Cookers or any other programmable slow cooker.

**Response to Request No. 102**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Holmes also objects to this request to the extent that it seeks documents not in the possession, custody or control of Holmes. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 103:

All documents that refer or relate to Holmes' decision, if any, to assert claims from the

Holmes patents-in-suit against any third party or third party product including, but not limited to:

- the Corningware SC-40PL slow cooker

- the All-Clad programmable slow cooker; and

- the Innova, Inc. Ultrex slow cooker.

**Response to Request No. 103**

Holmes objects to this request to the extent it seeks documents covered by the

attorney/client and/or attorney's work product immunity. Holmes further objects to this request

as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiver of the General Objections and these specific

objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 104:

All documents that refer or relate to the Rival model no. 3350/2 slow cooker from 1995

to the present.

**Response to Request No. 104**

Holmes objects to this request to the extent it seeks documents covered by the

attorney/client and/or attorney's work product immunity. Holmes further objects to this request

as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiver of the General Objections and these specific

objections, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 105:

All documents that refer or relate to an awareness within the Holmes group, or its predecessor-in-interest of the Rival Crock Pot, of the Rival model no. 3350/2 slow cooker from 1995 to the present.

**Response to Request No. 105**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 106:

All documents that refer or relate to awareness of the Rival model no. 3350/2 by Mary K. Barrow, James DeCorbert, Lorens Hlava, Charles Thrasher, or anyone else involved with the preparation and prosecution of the Holmes patents-in-suit.

**Response to Request No. 106**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 107:

All documents that refer or relate to the design, construction, manufacture, and date of first sale of the slow cooker circled in red below and underneath the "1974" title as shown on the http://www.crockpot.com/aboutus.aspx website ("circled slow cooker").



**Response to Request No. 107**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 108:

All documents that refer or relate to the circled slow cooker depicted in request no. 107 from 1995 to the present.

**Response to Request No. 108**

Holmes objects to this request to the extent it seeks documents covered by the

- 11 -

EXHIBIT D

attorney/client and/or attorney's work product immunity.  Holmes further objects to this request

as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiver of the General Objections and these specific

objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 109:

All documents that refer or relate to awareness of the circled slow cooker depicted in

request no. 107 by Mary K. Barrow, James DeCorbert, Lorens Hlava, Charles Thrasher, or

anyone else involved with the preparation and prosecution of the Holmes patents-in-suit.

**Response to Request No. 109**

Holmes objects to this request to the extent it seeks documents covered by the

attorney/client and/or attorney's work product immunity.  Holmes further objects to this request

as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiver of the General Objections and these specific

objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 110:

All documents that refer or relate to an awareness within the Holmes group, or its

predecessor -in-interest of the Rival Crock Pot, of the circled slow cooker depicted in request no.

106 from 1995 to the present.

**Response to Request No. 110**

Holmes objects to this request to the extent it seeks documents covered by the

attorney/client and/or attorney's work product immunity.  Holmes further objects to this request

as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiver of the General Objections and these specific

EXHIBIT D

objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 111:

All documents that refer or relate to Holmes' discussions with any third party regarding the West Bend Accused Product including, but not limited to, OEM, WalMart, K-Mart, and Target.

**Response to Request No. 111**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 112:

All documents that refer or relate to any opinion of counsel concerning West Bend's charge of infringement of the West Bend Housewares patents-in-suit, including but not limited to any opinions of counsel concerning the infringement, validity, and enforceability of the West Bend Housewares patents-in-suit.

**Response to Request No. 112**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 113:

All documents that refer or relate to Holmes' contention that the West Bend Housewares patents-in-suit are invalid, including but not limited to documents concerning Holmes' contentions that prior art anticipates or renders obvious the West Bend Housewares patents-in-suit.

**Response to Request No. 113**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 114:

All documents that refer or relate to Holmes' contentions, if any, that there are no secondary considerations of non-obviousness supporting the validity of the West Bend Housewares patents-in-suit. Secondary considerations include the commercial success of embodiments of the West Bend Housewares patents-in-suit; long felt but unmet need for the inventions embodied in the West Bend Housewares patents-in-suit; the failure of others to find a solution for the problems solved by the West Bend Housewares patents-in-suit; and licensing of the West Bend Housewares patents-in-suit.

**Response to Request No. 114**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes also objects to this request to the extent that it seeks documents not in the possession, custody or control of Holmes. Subject

EXHIBIT D

to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 115:

All documents that refer or relate to Holmes' contention that the Holmes Accused Products do not infringe the West Bend Housewares patents-in-suit, including but not limited to documents that refer or relate to Holmes' response to West Bend Interrogatory No. 14.

**Response to Request No. 115**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 116:

All documents that refer or relate to Holmes' knowledge of and awareness of the West Bend Housewares patents-in-suit, including but not limited to documents that refer or relate to the date and circumstances under which Holmes first learned of the West Bend design patents.

**Response to Request No. 116**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 117:

All documents that refer or relate to the gross and net profits earned by Holmes on its sales of the Holmes Accused Products, including but not limited to the calculation of gross and net profits, sales prices, revenues, costs of goods sold, marginal costs, incremental costs, variable costs, standard costs, fixed costs, and variances.

**Response to Request No. 117**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 118:

All documents that refer or relate to Holmes' contentions regarding the amount of reasonable royalty damages owed to West Bend if it is determined that Holmes has infringed the West Bend Housewares patents-in-suit.

**Response to Request No. 118**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

- 16 -

EXHIBIT D

REQUEST FOR PRODUCTION NO. 119:

All documents that refer or relate to the market for the sale of the Holmes Accused Products, including but not limited to the identity of customers, competitors, competing products, sales prices, elasticity of supply and demand, the size of the market, and the absolute and relative market shares of competitors.

**Response to Request No. 119**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 120:

All documents that refer or relate to the identification and quantification (in units and dollars) of any convoyed or derivative sales and profits arising from the sale of the Holmes Accused Products.

**Response to Request No. 120**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible

- 17 -

EXHIBIT D

evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 121:

All documents that refer or relate to Holmes' marketing and promotion of the Holmes Accused Products, including but not limited to Holmes' marketing of the features of the Holmes Accused Products such as advertising of those features and communications with customers regarding the alleged advantages or benefits of those features.

**Response to Request No. 121**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 122:

All documents that refer or relate to the reasons and factual bases for Holmes' contention that its alleged infringement of the West Bend design patents has not been willful.

**Response to Request No. 122**

Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and this specific objection, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

- 18 -

REQUEST FOR PRODUCTION NO. 123:

All documents that refer or relate to royalties paid to, or by, Holmes pursuant to all licenses related to the Holmes patents-in-suit and all other licenses related to slow cooker appliances.

**Response to Request No. 123**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes.  Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity.  Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 124:

All documents that refer or relate to Holmes' claim for a reasonable royalty in this case, including all bases for Holmes' claim, any established royalty rate, and the factors set forth for ascertaining a reasonable royalty rate pursuant to *Georgia Pacific Corp. v. United States Plywood Corp,* 318 F. Supp. 1116 (S.D.N.Y. 1970).

**Response to Request No. 124**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes.  Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product

EXHIBIT D

immunity. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 125:

All documents that refer or relate to the unit and dollar volume of Holmes' sales of all Holmes Programmable Cookers.

**Response to Request No. 125**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes also objects to this request as duplicative of earlier requests. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 126:

All documents that refer or relate to the gross and net profits earned by Holmes on its sales of all Holmes Programmable Cookers, including but not limited to the calculation of gross and net profits, sales prices, revenues, costs of goods sold, marginal costs, incremental costs, variable costs, standard costs, fixed costs, and variances.

**Response to Request No. 126**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or

EXHIBIT D

which would be of undue advantage to competitors of Holmes.  Holmes also objects to this request as duplicative of earlier requests.  Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity.  Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 127:

All documents that refer or relate to the market for the sale of all Holmes Programmable Cookers, including but not limited to the identity of customers, competitors, competing products, sales prices, elasticity of supply and demand, the size of the market, and the absolute and relative market shares of competitors.

**Response to Request No. 127**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes.  Holmes also objects to this request as duplicative of earlier requests.  Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity.  Holmes further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

EXHIBIT D

REQUEST FOR PRODUCTION NO. 128:

All documents that refer or relate to Holmes' claim that it is entitled to recover lost profits, including but not limited to Holmes' definition of the relevant market, the availability of non-infringing substitute products in the relevant market, the amount of Holmes' claimed lost profits, and all bases for Holmes' claim for lost profits.

**Response to Request No. 128**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

REQUEST FOR PRODUCTION NO. 129:

All documents that refer or relate to Holmes' ability and capacity to manufacture, market, and sell all of Holmes Programmable Cookers.

**Response to Request No. 129**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

EXHIBIT D

waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

### REQUEST FOR PRODUCTION NO. 130:

All documents that refer or relate to an identification and quantification (in units and dollars) of any convoyed or derivative sales and profits, if any, arising from the sale of all Holmes Programmable Cookers.

**Response to Request No. 130**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or which would be of undue advantage to competitors of Holmes. Holmes objects to this request to the extent it seeks documents covered by the attorney/client and/or attorney's work product immunity. Holmes further objects to this request as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and these specific objections, Holmes will produce relevant non-privileged documents in existence.

### REQUEST FOR PRODUCTION NO. 131:

All documents that refer or relate to Holmes' marketing and promotion of all Holmes Programmable Cookers, including but not limited to Holmes' marketing of the features of all embodiments of the Holmes patents-in-suit such as advertising of those features and communications with customers regarding the alleged advantages or benefits of those features.

**Response to Request No. 131**

Holmes objects to this request to the extent that it seeks production of information that is, or to materials containing, confidential, financial or other commercial information of Holmes, or

EXHIBIT D

which would be of undue advantage to competitors of Holmes. Holmes also objects to this

request as duplicative of earlier requests. Holmes objects to this request to the extent it seeks

documents covered by the attorney/client and/or attorney's work product immunity. Holmes

further objects to this request as overly broad, unduly burdensome, irrelevant to the issues in this

case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to

and without waiver of the General Objections and these specific objections, Holmes will produce

relevant non-privileged documents in existence.

Respectfully submitted,

THE HOLMES GROUP, INC.
By its Attorneys,

Dated: September 11, 2006

/s/ Glenn T. Henneberger
Charles R. Hoffmann, Esq. (*Pro Hac Vice*)
CRHDocket@hoffmannbaron.com
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)
GTHDocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, New York  11791-4407
Telephone:  (516) 822-3550
Facsimile:  (516) 822-3582

and

Nicholas J. Nesgos (BBO No. 553177)
nnesgos@pbl.com
Joseph W. Corrigan (BBO No. 647393)
jcorrigan@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts  02199-8004
Telephone:  (617) 973-6100
Facsimile:  (617) 367-2315

- 24 -

EXHIBIT D

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing HOLMES` RESPONSES TO WEST

BEND`S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS has

been served via e-mail, this 11th day of September, 2006 upon the following:

Erik Paul Belt
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bromsun.com

Michael E. Husmann
Joseph T. Miotke
Michael Best & Friedrich LLP
100 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202
Telephone.:  (414) 271-6550
Facsimile:  (414) 277-0656
mehusmann@michaelbest.com
jtmiotke@michaelbest.com

and

Martin L. Stern, Esq.
Michael Best & Friedrich LLP
401 N. Michigan Avenue - Ste. 1900
Chicago, Illinois  60611
MLStern@michaelbest.com

/s/ Glenn T. Henneberger
Glenn T. Henneberger

EXHIBIT D

- 25 -



Michael Best & Friedrich LLP
Attorneys at Law
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Phone 414.271.6560
Fax 414.277.0656

Joseph T. Miotke
Direct 414.225.4976
Email jtmiotke@michaelbest.com

September 19, 2006

**VIA EMAIL**

Glenn T. Henneberger, Esq.
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, NY 11791-4407

Re:    The Holmes Group, Inc. v. West Bend Housewares, LLC and
       Focus Products Group, LLC
       Civil Action No. 05-CV-11367 WGY
       File No. 095511-9088

Dear Glenn:

I write to address some of the remaining issues regarding Holmes' document production and the upcoming 30(b)(6) deposition of Holmes.

Holmes has not yet produced any profit and loss ("P&L") documents related to Holmes' "kitchen business unit." Such P&L documents are clearly relevant to Holmes' allegations of lost profits and are responsive to at least West Bend's Request for Production Nos. 14, 81, 82, and 126, which all relate to Holmes' gross and net profits on the sale of its programmable slow cookers embodying Holmes' patents in suit. We are expecting Holmes documents responsive to West Bend's Second Production Request by Friday, September 22, 2006 and expect that the P&L documents for at least those years in which Holmes seeks damages will be included. If these P&L documents are not included, please produce them no later than Wednesday, September 27.

We also would like confirmation that Holmes has now produced all responsive market study and marketing documents for Holmes' programmable slow cookers, including those dated earlier than 2002. My June 22, 2006 letter identified the sales and marketing documents that West Bend had not yet received, and to date, Holmes notably has not produced any sales presentations to WalMart. Please confirm by September 27, 2006 that no additional responsive documents exist related to market studies and marketing as identified in my June 22 letter. If such documents to exist, please produce these documents by September 27 along with a confirmation that no additional responsive documents exist.

With this letter, we are serving an Amended First Rule 30(b)(6) Deposition Notice to Holmes. We are awaiting confirmation that this deposition will go forward on October 5, 2006. At this deposition, please make available physical samples of the Rival Model No. 3350/2 slow cooker,



Glenn T. Henneberger, Esq.
September 19, 2006
Page 2

the circled slow cooker identified in topic no. 22 of the deposition notice, the Rival Model No. 4350 rice cooker, and the Rival Model No. 4310 rice cooker.

Please contact me if you have any questions.

Sincerely,

**MICHAEL BEST & FRIEDRICH LLP**

Joseph T. Miotke

EXHIBIT E



**Michael Best & Friedrich LLP**
**Attorneys at Law**
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI  53202-4108
Phone  414.271.6560
Fax  414.277.0656

**Joseph T. Miotke**
Direct  414.225.4976
Email  jtmiotke@michaelbest.com

April 13, 2006

**VIA EMAIL**

Glenn T. Henneberger, Esq.
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, New York  11791-4407

RE:   *The Holmes Group, Inc. v. West Bend Housewares, LLC., et al.*
        Case No. 05-CV-11367-REK

Dear Glenn:

We reviewed the documents produced by Holmes in the above-identified matter and have
identified several significant deficiencies in this production.  Holmes failed to produce all
responsive marketing, sales, and market study-related documents for Holmes' programmable
slow cookers.  Additionally, Holmes failed to produce documents related to the conception,
reduction to practice, and design of the Holmes' slow cookers embodying the claims of the
patents-in-suit.  As detailed below, these documents, as well as all other documents responsive
to West Bend's production requests, must be produced immediately, and in no event later than
May 4, 2006.

Holmes' supplemental responses to West Bend's interrogatory nos. 4 and 6 likewise remain
deficient.

**Interrogatory No. 4**

Interrogatory no. 4 calls for, among other things, the earliest dates of conception and reduction
to practice for the alleged inventions of each claim of the Holmes' patents-in-suit.  Holmes
continues to improperly rely upon Fed. R. Civ. P. 33(d) and identifies THG00001-1251 and
7829-7955 for the substance of its response.  This response is entirely inadequate, as the
identified documents do not provide any information regarding the conception or reduction to
practice dates.  Holmes must provide an adequate response to this interrogatory.

**Interrogatory No. 6**

Interrogatory no. 6 calls for, among other things, the earliest date of an offer for sale or sale of
any product embodying any claim of Holmes' patents-in-suit.  Holmes again improperly relies
upon Rule 33(d) and instructs West Bend to "[s]ee generally THG0007956-7983."  This
response likewise is inadequate, as these documents do not provide any information regarding

---

EXHIBIT F



Glenn T. Henneberger, Esq.
April 13, 2006
Page 2

the specific dates of the earliest sale or offer for sale.  Holmes must provide an adequate response to this interrogatory.

**Sales & Marketing Documents**

West Bend's document request nos. 1, 4, 5, 10, 11, 12, 18, 20, 48, 64, and 65 all call for the production of sales and marketing documents related to Holmes' programmable slow cookers.  These production requests are not limited to any specific timeframe, and Holmes did not object to the timeframe of these requests.  However, Holmes does not appear to have produced all responsive documents, and in some cases, appears to only have produced documents dated after 2001.

For example, Holmes produced sales presentations to customers such as K-Mart and Lowes (THG 3109-99), but notably failed to produce any sales presentations to Wal-Mart.  All sales presentations for Holmes' programmable slow-cookers, including presentations to Wal-Mart, must be produced immediately.

As another example, Holmes produced documents entitled "2000 War Boards," "2001 War Boards," and similar documents dated 2000 to 2004 (THG 7102-7236), but failed to produce similar documents dated earlier than 2000.  Pre-2000 documents clearly are responsive to West Bend's document requests and must be produced immediately.

Holmes also produced documents entitled "2001 Quote Sheets," "2002 Quote Sheets," and similar documents dated to 2006, but failed to produce similar documents dated earlier than 2001.  Pre-2001 documents clearly are responsive to West Bend's document requests and must be produced immediately.

Holmes' document production is also deficient.

**Market Study Documents**

West Bend's document request nos. 4, 13, 18, 66, 67 all call for documents related to market studies conducted by or for Holmes related to slow cookers and programmable slow cookers.  Holmes produced market-study documents for programmable slow cookers for the 2002 to 2005 timeframe (*e.g.*, THG 5471-5545), but failed to produce similar documents dated earlier than 2002.  Pre-2002 documents clearly are responsive to West Bend's document requests and must be produced immediately.

**Development Documents**

West Bend's document request nos. 1, 44, 45, 46, 47, 49, 50, 52, 54, 78 all call for documents related to the conception, development, design, and manufacture of Holmes' programmable slow cookers, including those covered by the Holmes patents-in-suit.  The only responsive

EXHIBIT F



Glenn T. Henneberger, Esq.
April 13, 2006
Page 3

documents produced by Holmes related to these topics are the publicly available file histories
for the patents in suit (THG 1-2126) and several engineering drawings that appear related to
Holmes' programmable slow cookers.  Notably absent from these documents are notebooks
and development documents from any of the inventors named on the patents-in-suit.
Documents from the inventors' files, as well all other responsive documents, must be produced
immediately.

West Bend expects supplemental interrogatory responses and responsive documents as
identified above no later than May 4 or it will be forced to seek the Court's involvement.

Finally, we received your letter of today's date regarding West Bend's discovery responses and
will be respond in due course.

Sincerely,

**MICHAEL BEST & FRIEDRICH LLP**

Joseph T. Miotke

EXHIBIT F



**Michael Best & Friedrich LLP**
**Attorneys at Law**
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Phone 414.271.6560
Fax 414.277.0656

**Joseph T. Miotke**
Direct 414.225.4976
Email jtmiotke@michaelbest.com

June 22, 2006

<u>**VIA EMAIL**</u>

Glenn T. Henneberger, Esq.
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, New York 11791-4407

RE:    *The Holmes Group, Inc. v. West Bend Housewares, LLC., et al.*
       Case No. 05-CV-11367-REK

Dear Glenn:

This letter confirms my understanding of our call this afternoon.

William Dobson and Scott Pollnow are no longer employed by West Bend. Consequently, a subpoena will be necessary for their depositions. To the extent Mr. Dobson and Mr. Pollnow are cooperative with West Bend, West Bend will assist Holmes in scheduling their depositions. West Bend also is not available on July 25, 2006 for the 30(b)(6) deposition noticed by Holmes. We will work with Holmes to schedule an alternate date. West Bend also expects to serve its objections to the 30(b)(6) deposition notice shortly.

West Bend and Holmes further agree to conduct the depositions of West Bend and Holmes employees at locations near to the employee's residence. In the case of West Bend employees, this will typically be in the Milwaukee area, and in the case of Holmes employees, this will typically be in the Boston or New York area.

**West Bend's Supplementation Of Discovery Responses**

In response to your letter dated June 15, 2006, West Bend will supplement its responses to Interrogatory Nos. 9 and 10 by the close of business on July 7, 2006, and Nos. 2, 4, 12, 15, and 17 by the close of business on July 21, 2006.

In response to your remarks about West Bend's response to interrogatories nos. 9 and 10, West Bend disagrees that the request is "in no way limited to 'claimed features'" as Holmes maintains in your June 15 letter. To the extent a feature is not claimed, it is irrelevant. West Bend will provide an appropriately supplemented response to these interrogatories.

In response to your remarks about West Bend's response to Interrogatory No. 17, West Bend will supplement this response as additional information regarding Holmes' alleged willful

EXHIBIT G



Glenn T. Henneberger, Esq.
June 22, 2006
Page 2

infringement of the West Bend design patents-in-suit is obtained during discovery. To the
extend this information is available prior to July 21, West Bend will supplement appropriately.

**Holmes' Supplementation Of Discovery Responses**

Further to my letter dated April 13, 2006, Holmes supplemented its interrogatory responses on
May 25, 2006. Holmes' response to Interrogatory No. 4 remains deficient. Interrogatory No. 4
calls for, among other things, the earliest dates of conception and reduction to practice for the
alleged inventions of each claim of Holmes' patents-in-suit. Holmes supplemented its response
on May 25, 2006 and stated that "its date of conception and reduction to practice of the
inventions in the Holmes patents-in-suit is at least as early as the date of the Housewares show
in January 2000." This response remains indefinite and West Bend is entitled to a response
identifying the earliest date of conception and reduction to practive.

Holmes also has not produced market study documents for Holmes' slow cookers and
programmable slow cookers dated earlier than 2002. These documents are requested in West
Bend's document request nos. 4, 13, 18, 66, and 67. Holmes responded by letter on May 25,
2006 that "[a]s evidenced by our document production and interrogatory responses, Holmes
began marketing and shipping its programmable slow cookers in 2000. Thus, marketing
documents do not exist prior to 2000." Notably absent from Holmes' productions were any
sales presentations to WalMart regarding its programmable slow cookers. Please produce such
documents or confirm that none exist.

Holmes' marketing documents pre-dating 2000 are clearly relevant for purposes of
demonstrating, at a minimum, the availability of noninfringing substitutes, potential prior art to
the Holmes patents-in-suit, and the relevant market for the Holmes' patents-in-suit. West Bend
requests such documents dating back to at least 1995. An example of such a document begins
at Bates No. THG 00005371 entitled "December 2002 Sales Meeting."

Holmes agreed that it would supplement its responses by July 21, 2006.

Sincerely,

**MICHAEL BEST & FRIEDRICH LLP**

Joseph T. Miotke

EXHIBIT G



**Michael Best & Friedrich LLP**
**Attorneys at Law**
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Phone 414.271.6560
Fax 414.277.0656

**Joseph T. Miotke**
Direct 414.225.4976
Email jtmiotke@michaelbest.com

September 15, 2006

**VIA EMAIL**

Glenn T. Henneberger, Esq.
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, NY 11791-4407

Re:    The Holmes Group, Inc. v. West Bend Housewares, LLC and
       Focus Products Group, LLC
       Civil Action No. 05-CV-11367 WGY
       File No. 095511-9088

Dear Glenn:

We have reviewed Holmes' responses to West Bend's Second Request for Production of Documents and Things and have identified several deficiencies.

Holmes seeks clarification as to the meaning of Request No. 101, which included a typographical error when served (the request included an "or" rather than "of"). This request should state "All documents that refer or relate to development, marketing, manufacture, sales, and offers to sell between the Holmes Group, Inc. and Holmes HTC of [or] Holmes Programmable Cookers or any other programmable slow cooker." We believe this request is now clear and await Holmes' response.

**Holmes HTC (China) Documents**

Holmes also responded to Request Nos. 98 and 100 stating that it "will not produce documents responsive to this request unless West Bend can establish the relevance of such documents to the issues presented herein" and objected to Request Nos. 99 and 102 "as irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence." These requests all relate to the involvement of Holmes HTC, located in China, in the design, development, and sale of Holmes' programmable slow cookers and the common ownership between The Holmes Group, Inc. and Holmes HTC. Holmes position that these documents are irrelevant to any issue in this case is without merit.

The exchange between The Holmes Group, Inc. and Holmes HTC of programmable slow cookers could constitute a sale or offer to sell within the meaning of 35 U.S.C. § 102(b) depending upon the timing of such activities and the relationship between The Holmes Group, Inc. and Holmes HTC. The Federal Circuit has made this clear in opinions such as *In re Caveney*, 761 F.2d 761 (Fed. Cir. 1985) and *Ferag AG v. Quipp, Inc.*, 54 F.3d 1562 (Fed. Cir.

EXHIBIT H



Glenn T. Henneberger, Esq.
September 15, 2006
Page 2

1995). West Bend's document requests are relevant and Holmes must withdraw its objections and produce responsive documents.

**Holmes' Production Of Only Documents It Believes Are Relevant**

Throughout its responses to West Bend's first and second sets of production requests, Holmes states that it will "produce relevant non-privileged documents." West Bend is concerned by this response because it implies that Holmes' has withheld the production of responsive documents on the sole basis that Holmes believes the withheld documents are irrelevant despite being responsive to the requested category. If Holmes is withholding such documents, please produce a log of the documents withheld on this relevancy basis that will enable West Bend and the Court to determine the merits of Holmes' relevancy determinations. Otherwise, please withdraw Holmes' statement that it will only produce "relevant" nonprivileged documents and instead produce all responsive documents for each requested category.

Please produce the documents identified in this letter, or the relevancy log if Holmes persists in withholding the documents identified above, no later than Friday, September 22, 2006 or West Bend will be forced to involve the Court.

Sincerely,

**MICHAEL BEST & FRIEDRICH LLP**

Joseph T. Miotke

EXHIBIT H

# MICHAEL BEST

## & FRIEDRICH LLP

**Michael Best & Friedrich LLP**
**Attorneys at Law**
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI  53202-4108
Phone  414.271.6560
Fax  414.277.0656

**Joseph T. Miotke**
Direct  414.225.4976
Email  jtmiotke@michaelbest.com

October 4, 2006

**VIA EMAIL**

Glenn T. Henneberger, Esq.
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, NY  11791-4407

Re:    The Holmes Group, Inc. v. West Bend Housewares, LLC and
        Focus Products Group, LLC
        Civil Action No. 05-CV-11367 WGY
        File No. 095511-9088

Dear Glenn:

Enclosed is a motion to compel and accompanying memorandum that West Bend will file with the Court unless Holmes produces by Noon on October 9, 2006 all documents identified in the motion and memorandum.

I am available tomorrow (October 5) at 10:00 am (Central Time) to discuss this matter further.  I will call you at this time.  If you are not available, please provide alternate times for this call.

Sincerely,

**MICHAEL BEST & FRIEDRICH LLP**

Joseph T. Miotke

Enclosures

# HOFFMANN & BARON, LLP

ATTORNEYS AT LAW

6900 JERICHO TURNPIKE
SYOSSET, NEW YORK 11791
(516) 822-3550
FACSIMILE: (516) 822-3582
www.hoffmannbaron.com

CHARLES R. HOFFMANN
RONALD J. BARON
DANIEL A. SCOLA, JR. *
SALVATORE J. ABBRUZZESSE *
ALAN M. SACK

IRVING N. FEIT
R. GLENN SCHROEDER
GLENN T. HENNEBERGER
ANTHONY E. BENNETT
LUDOMIR A. BUDZYN

STEVEN T. ZUSCHLAG†

JOHN S. SOPKO† *

SUSAN A. SIPOS
KEVIN E. MCDERMOTT
RODERICK S.W. TURNER
ANNA-LISA GALLO
JAMES F. HARRINGTON
STEPHEN CANNAVALE *
JAMIE M. LARMANN *
GORDON F. BELCHER

ANDREA M. WILKOVICH *
BARTHOLOMEW J. DIVITA
TONY A. GAYOSO
D.W. DARREN KANG *
NICHOLE E. MARTIAK
LAUREN T. EMR
LINDA D. CHIN

PATENT AGENTS
GLORIA K. SZAKIEL, PH.D.        EDNA I. GERGEL, PH.D.

NEW JERSEY OFFICE
1055 PARSIPPANY BLVD.
PARSIPPANY, N.J. 07054-1272
(973) 331-1700
FAX (973) 331-1717

SCIENTIFIC ADVISOR
DANIEL A. SCOLA, SR., PH.D.

*   NOT ADMITTED IN N.Y.
†   SENIOR ATTORNEY

October 6, 2006

## VIA E-MAIL ONLY

Joseph T. Miotke, Esq.
Michael Best & Friedrich LLP
100 E. Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202-4108

Re:    *The Holmes Group v. West Bend Housewares, et al.*
       Civil Case No.: 1:05-CV-11367-WGY

Dear Joe:

This letter confirms our conversation earlier today regarding West Bend's proposed motion to compel. At the outset, Holmes has not refused to produce any documents requested. Accordingly, we believe your proposed motion to compel is unwarranted, and, if filed, Holmes will request to recover its costs and attorney's fees related to responding to your frivolous motion.

To date, Holmes has conducted diligent searches to locate and produce documents responsive to West Bend's discovery requests. Holmes has already produced in excess of 8,500 pages of documents responsive to West Bend's document requests. Nevertheless, your proposed motion raises questions as to certain documents sought which are discussed below.

West Bend contends that Holmes has not produced documents related to the G&A expenses of its kitchen business unit. Holmes has only recently begun forecasting G&A expenses by business units and such documents will be produced.

With respect to Holmes' profits from sales of the accused slow-cookers, Holmes has produced the requested sales information from its records in summary form. (See document production number TGH0008672).

Joseph T. Miotke, Esq.
October 6, 2006
Page 2

Regarding marketing materials, Holmes has produced all documents in its possession regarding these matters.  No further documents exist and West Bend has no basis for asserting that additional documents exist other than mere supposition.

With respect to the design and development documents of the programmable slow-cooker by Holmes, all documents in existence have or will be produced.  A further search has located temperature charts created during the design of such products.  These documents will be produced and no further documents exist.

Regarding the rice cookers and alleged other prior art, Holmes will produce a chart regarding the sales of the 4310 and 4350 rice cooker products.  No other documents exist with respect to these products and no product samples are available.

With respect to documents related to the ownership interest of Holmes HTC and documents related to programmable slow-cooker sold or offered for sale by Holmes HTC, in view of our discussion to clarify the items sought, Holmes will conduct a further search for responsive documents and produce all documents in existence.

Lastly, as discussed, Holmes has not withheld any documents requested by West Bend based on relevancy.  All non-privileged documents located in response to West Bend's requests have been produced.

In view of the foregoing, Holmes has been completely responsive to West Bend's document demands and the proposed motion to compel has no merit.  We expect that West Bend will not file this frivolous motion with the Court.

Sincerely,

*Glenn T. Henneberger*

GTH:ejw
227790_1