THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>WEST BEND HOUSEWWARES, LLC and<br>FOCUS PRODUCTS GROUP, LLC,<br><br>                Defendants. | Civil Action No. 05-CV-11367 WGY<br>(Alexander, M.J.) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE ARE NO GENUINE ISSUES OF DISPUTE AND WHICH ENTITLE DEFENDANTS TO SUMMARY JUDGMENT OF NON-WILLFULNESS**

                Michael E. Husmann
                Joseph T. Miotke
                MICHAEL BEST & FRIEDRICH LLP
                100 East Wisconsin Avenue, Suite 3300
                Milwaukee, Wisconsin 53202-4108
                Telephone:    414-271-6560

                Martin L. Stern
                MICHAEL BEST & FRIEDRICH LLP
                180 North Stetson Avenue, Suite 2000
                Chicago, Illinois  60601-6710
                Telephone:    312-222-0800

                Lee Carl Bromberg, BBO #058480
                Erik Paul Belt, BBO #558620
                BROMBERG & SUNSTEIN LLP
                125 Summer Street
                Boston, Massachusetts 02110-1618
                Telephone:    617-443-9292

December 1, 2006                      *Attorneys for Defendants*

Pursuant to Rule 56.1 of the Local Rules for The United States District Court for the District of Massachusetts, defendants West Bend Housewares, LLC and Focus Products Group, LLC submit the following statement of material facts as to which there are no genuine issues of dispute and which entitle defendants to partial summary judgment of noninfringement.

**I.   Introduction**

1.   Plaintiff The Holmes Group ("Holmes") accuses defendants West Bend Housewares, LLC and Focus Products Group, LLC of infringing Holmes' U.S. Patent Nos. 6,573,483 ("the '483 patent") (Joint Appendix to *Markman* Briefing [hereinafter J.A.] at MKM0001-0017) and 6,740,855 ("the '855 patent") (J.A. at MKM0120-0138), both entitled "Programmable Slow-Cooker Appliance." The '855 patent is a continuation of the '483 patent. *See* Defs.' 1st Mot. Summ. J. Ex. N, Complaint.

2.   Holmes is a Massachusetts corporation having a principal place of business at One Holmes Way, Milford, Massachusetts. Defs.' 1st Mot. Summ. J. Ex. N.

3.   West Bend Housewares, LLC is a limited liability company organized under the laws of Illinois having a principal place of business at 2845 Wingate Street, West Bend, Wisconsin. In its answer to the complaint, West Bend Housewares, LLC denies infringement and asserts that the patents-in-suit are invalid. In addition, it has filed a counterclaim (1) seeking a declaration that the patents-in-suit are invalid and not infringed, and (2) asserting that Holmes infringes three U.S. design patents owned by West Bend Housewares, LLC relating to slow-cookers, namely: U.S. Patent No. Des. 434,266; U.S. Patent No. Des. 444, 664; and U.S. Patent No. 444,993. *See* Defs.' 1st Mot. Summ. J. Ex. O, West Bend's Answer and Countercl.

4.   Focus Products Group, LLC is also a limited liability company organized under the laws of Illinois and has a principal place of business at 120 Lakeview Parkway, Vernon Hills, Illinois. West Bend Housewares, LLC is a wholly-owned subsidiary of Focus Products Group,

LLC. In its answer to the complaint, Focus Products Group, LLC denies infringement and asserts that the patents-in-suit are invalid. In addition, it has filed a counterclaim seeking a declaration that the patents-in-suit are invalid and not infringed. *See* Defs.' 1st Mot. Summ. J. Ex. P, Focus Products Group's Answer and Countercl. Hereinafter, for purposes of the present summary judgment motion, West Bend Housewares, LLC and Focus Products Group, LLC shall be collectively referred to as "West Bend."

5. This patent infringement case relates to slow-cookers that allow a user to select a cooking time and temperature with a programmable controller that automatically lowers the selected temperature to a warm mode after the cooking time elapses.

## II. West Bend's Development of Its Programmable Slow Cooker and Consultation with Its Patent Counsel

6. West Bend began working with a Chinese Company named "OEM" as early as 2002 to develop the product which Holmes now alleges infringes its patents. Declaration of Michael Carpenter (hereinafter "Carpenter Decl.") ¶ 2 and Ex. A at 2831. In April of 2004, OEM became aware of the '483 patent and informed West Bend of its existence. OEM, who had a business relationship with Holmes, advised West Bend that "[i]t is very important that both West Bend and OEM check these patents very carefully . . . and ensure that [West Bend's electronic slow cooker] will not infringe the Holmes patent claims." *Id.*

7. The day after first learning of Holmes' '483 patent, West Bend contacted its patent attorney, Attorney Martin L. Stern, who had been advising West Bend and Focus on intellectual property matters for several years. Carpenter Decl. Ex. A at 2831.

8. Attorney Stern obtained copies of the '483 patent and its file history as well as for the '855 patent upon learning of its existence. Carpenter Decl. Ex. C.

9. Between April 2004 and February 2005, West Bend worked with its patent counsel and regularly communicated with Attorney Stern concerning the structure and operation

3

of the product being developed. Carpenter Decl. ¶ 3. During this time, West Bend provided its patent counsel with cross-sectional renderings and photographs of its proposed product, a draft of the operation and specification manual for its proposed slow cooker product, and a sample to be evaluated against Holmes' patents. *Id.*; Carpenter Decl., Ex. B.

10. Attorney Stern advised West Bend to locate the electronic components used in the product inside the heating unit within housings also mounted inside the heating unit. Carpenter Decl. ¶ 4. Following the advice of its patent counsel, West Bend settled on a design in which the electrical components were all mounted within the heating unit. *Id.*

11. During the development period, in January 2005, OEM advised West Bend of conversations it had had with the president of Holmes. Carpenter Decl. ¶ 5. OEM stated that Holmes was aware of OEM's relationship with West Bend and that West Bend was developing a product to compete with Holmes' programmable slow cooker. *Id.* Holmes threatened to remove its business from OEM as a result of the relationship and advised OEM that Holmes had spent $4.6 million dollars to keep Hamilton Beach out of the market. *Id.* Based on the conversation with the president of Holmes, OEM advised West Bend that it should be prepared to spend $5 million to defend Holmes' patent infringement lawsuit the day that West Bend's programmable cooker hits the market. *Id.*

12. In February 2005, West Bend received a detailed written opinion from Attorney Stern explaining why West Bend's proposed slow cooker did not infringe Holmes' patents. Carpenter Decl. ¶ 6 and Ex. C.

13. In reliance upon the opinion of its patent counsel, West Bend introduced the accused product to Wal-Mart in mid-February 2005 and began shipping the product in late May 2005. Carpenter Decl. ¶ 7. The product was first available to the public on Wal-Mart's shelves in mid-June 2005. *Id.* Holmes filed this infringement lawsuit within two weeks thereafter. *Id.*

### III.  Holmes Has No Evidence Of Willful Infringement

14. During the course of discovery in this action, West Bend requested that Holmes specify the basis for its claim of willful infringement. In response Holmes stated:

> On October 14, 2004, counsel for Homes sent a letter to West Bend placing them on notice of Homes U.S. Patent Nos. 6,573,483 and 6,740,855 (the Holmes patents-in-suit). On October 26, 2004, West Bend's counsel Martin Stern of Michael Best & Friedrich, LLP advised counsel for that they represented West Bend in intellectual property matters. On April 22, 2005, counsel for Holmes advised Mr. Stern that Holmes had been granted U.S. Patent No. 6,872,921. Notwithstanding the actual notice of the Holmes patents-in-suit, West Bend imported, distributed and sold slow cookers which infringe the Holmes patents-in-suit in willful wanton disregard of the Holmes patents-in-suit.

Ex. D, Holmes' Resp. to Def.'s Interrog. # 8.

15. In response to a 30(B)(6) notice of deposition requesting testimony as the basis for Holmes' claim of willful infringement, Holmes testified in full as follows:

> Q. Okay. In the complaint in this case Holmes has alleged that West Bend is willfully infringing Holmes's patents. What is the basis for the allegation of willfulness?
> A. We know that they were aware that our product existed.
> Q. Okay.
> A. And we know that they were aware that we had patents on our products.
> Q. Okay.
> A. And that they were informed of that --
> Q. Okay.
> A. -- by us.
> Q. All right.
> A. And that they still came out with the product.
> Q. Any other basis?
> A. I think that's it. I'd have to defer most to legal counsel on that one if there's anything more than that.

(Ex. E, Holmes' 30(B)(6) Dep. p.52, ll.16-p.53, ll. 11.)

Dated:  December 1, 2006

WEST BEND HOUSEWARES, LLC
FOCUS PRODUCTS GROUP, LLC
By their attorneys,


/s/ Erik P. Belt
Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
Telephone: 414-271-6560
Facsimile:  414-277-0656

Lee Carl Bromberg, BBO #058480
Erik Paul Belt, BBO #558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02100-1618
Telephone: 617-443-9292
Facsimile:  617-443-0004
E-mail: ebelt@bromsun.com

Martin L. Stern
MICHAEL BEST & FRIEDRICH LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
Telephone: 312-222-0800
Facsimile:  312-222-0818


**CERTIFICATE OF SERVICE**

I certify that, on the above date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.


/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620