THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>WEST BEND HOUSEWARES, LLC and<br>FOCUS PRODUCTS GROUP, LLC,<br><br>    Defendants. | Civil Action No. 05-CV-11367 WGY<br>(Alexander, M.J.) |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON INVALIDITY OF U.S. PATENT NOS. 6,573,483 AND 6,740,855**

Plaintiff The Holmes Group, LLC ("Holmes") accuses defendants West Bend Housewares, LLC and Focus Products Group, LLC (collectively referred to as "West Bend" for purposes of this motion) of infringing Holmes' U.S. Patent Nos. 6,573,483 ("the '483 patent") and 6,740,855 ("the '855 patent"), both entitled "Programmable Slow Cooker Appliance." The '855 patent is a continuation of the '483 patent.

Pursuant to Rules 56(a) and (b) of the Federal Rules of Civil Procedure, West Bend moves for summary judgment that the patents-in-suit are invalid. The '483 and '855 patents are both invalid because neither claims anything new related to slow cookers that allow a user to select a cooking time and temperature with a programmable controller that automatically lowers the selected temperature to a warm mode after the cooking time elapses. Such programmable cookers are old and were known long before the patents-in-suit. As the patents-in-suit explain, and as Holmes argued in the Patent Office, the purported difference between the patented slow cooker and prior cookers was mounting the programmable controller to a housing outside the heating unit to avoid overheating.

There is nothing new, however, about mounting the programmable controller to a housing outside the heating unit. The Weiss patent, which was not considered by the Patent Office in granting the patents-in-suit, includes this same feature, and many others claimed by the patents-in-suit. The asserted claims of the patents-in-suit are invalid in view of Weiss alone or Weiss combined with several other prior art references.

The grounds supporting this summary judgment motion are more fully set forth in the accompanying: (1) defendants' statement of material facts as to which there are no genuine issues of dispute; (2) defendants' memorandum in support of the motion; (3) declaration testimony of West Bend's expert, Dr. Barry Feinberg, describing the invalidity of the patents-in-suit; and (4) other supporting exhibits, including pertinent excerpts from the prosecution histories of the patents-in-suit.

For the foregoing reasons, and those set forth in the accompanying documents submitted in support of this motion, West Bend respectfully requests the Court to (1) enter summary judgment against Holmes and in favor of West Bend on Holmes' complaint and West Bend's counterclaims seeking a declaration of invalidity of claims 13, 14, 17 and 19 of the '483 patent and claims 20, 24, 26, 27 and 29 of the '855 patent; and (2) dismiss Holmes' complaint with prejudice.

## REQUEST FOR ORAL ARGUMENT

Under Local Rule 7.1(D), Defendants' believe that oral argument will assist the Court and thus requests a hearing.

## LOCAL RULE 7.1 CERTIFICATE

The undersigned certify that on November 29, 2006 counsel for the parties conferred by telephone in a good faith attempt to resolve or narrow the issues presented in this motion but were unable to reach agreement.

Dated: December 1, 2006

WEST BEND HOUSEWARES, LLC
FOCUS PRODUCTS GROUP, LLC
By their attorneys,


/s/ Erik P. Belt
Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
Telephone:    414-271-6560
Facsimile:    414-277-0656

Lee Carl Bromberg, BBO #058480
Erik Paul Belt, BBO #558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02100-1618
Telephone:    617-443-9292
Facsimile:    617-443-0004
E-mail:ebelt@bromsun.com

Martin L. Stern
MICHAEL BEST & FRIEDRICH LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
Telephone:    312-222-0800
Facsimile:    312-222-0818

## CERTIFICATE OF SERVICE

I certify that, on the above date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants

/s/ Erik P. Belt
Erik Paul Belt