IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE HOLMES GROUP, INC.,

            Plaintiff,

vs.

WEST BEND HOUSEWWARES, LLC and
FOCUS PRODUCTS GROUP, LLC,

            Defendants.

Civil Action No. 05-CV-11367 WGY
(Alexander, M.J.)

**WEST BEND HOUSEWARES' DESIGN PATENT
CLAIM CONSTRUCTION BRIEF**

Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
Telephone:    414-271-6560

Martin L. Stern
MICHAEL BEST & FRIEDRICH LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois  60601-6710
Telephone:    312-222-0800

Lee Carl Bromberg, BBO #058480
Erik Paul Belt, BBO #558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
Telephone:    617-443-9292

December 1, 2006           *Attorneys for Defendants*

**<u>INTRODUCTION</u>**

West Bend Housewares, LLC ("West Bend") counterclaimed against The Holmes Group,

Inc. ("Holmes") for infringement of three West Bend design patents covering the ornamental

design for a cooker, U.S. Design Patent Nos. D434,266 ("the '266 patent"), D444,664 ("the '664

patent"), and D444,993 ("the '993 patent"). (Exs. A, B, and C, respectively.)  West Bend

submits this claim construction brief in accordance with the Court's Joint Case Schedule entered

on August 1, 2006.  The '266, '664, and '993 patents all show the same design for a cooker,

except that each claims slightly different portions of the cooker design.  These different claimed

portions are reflected in the proposed claim constructions detailed below.

**I.      Governing Law.**

A person may obtain a patent on a new, original, and ornamental design for an article of

manufacture.  *Manual of Patent Examining Procedure* (MPEP) § 1502.01.  A design patent

differs from a utility patent:  "In general terms, a 'utility patent' protects the way an article is

used and works (35 U.S.C. 101), while a 'design patent' protects the way an article looks (35

U.S.C. 171).  The ornamental appearance of an article includes its shape/configuration or surface

ornamentation upon the article, or both."  *Id.*

While a utility patent usually contains a series of numbered claims, which define the

scope of the patent, a design patent contains only one claim.  MPEP, § 1502.01.  The scope of

the patent is defined by the drawings, not written claims.  Donald S. Chisum, *Chisum on Patents*,

§ 1.04 ("Full disclosure and definiteness of scope are provided primarily through the drawing.").

Indeed, "[t]he Patent and Trademark Office notes that '[a]ny other description of the design in

the specification, other than a brief description of the drawing, is generally not necessary since as

a rule the illustration in the drawing views is its own best description.'"  *Chisum*, § 1.04[3][c]

(quoting MPEP § 1503.01).

The Federal Circuit has repeatedly held that "[a] design patent protects the nonfunctional aspects of an ornamental design as shown in the patent." *See, e.g.*, *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). The design "shown in the patent" includes all non-functional features drawn in unbroken lines. Applicants for design patents are permitted to depict features in broken lines, thereby including the features to provide context but excluding them from the scope of the claim. Thus applicants may choose to claim as much or as little of the design as is desired. *See, e.g.*, *Metrokane, Inc. v. The Wine Enthusiast*, 185 F. Supp. 2d 321, 328 (S.D.N.Y. 2002) ("Patent protection is available for an ornamental design embodied in less than a complete article.") Here, West Bend has claimed different portions of its cooker design through the inclusion of broken lines in the '266, '664, and '993 patents.

The Federal Circuit highlighted the effects of making such a choice in *Contessa Food Products, Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1378 (Fed. Cir. 2002):

> It has been consistently held for many years that it is the appearance of a design as a whole which is controlling in determining questions of . . . infringement." *In re Rubinfield*, 47 C.C.P.A. 701, 270 F.2d 391, 395, 123 USPQ 210, 214 (C.C.P.A. 1959). Our precedent makes clear that all of the ornamental features illustrated in the figures must be considered in evaluating design patent infringement. This is because "[a] patented design is defined by the drawings in the patent, not just by one feature of the claimed design." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450, 27 U.S.P.Q.2d 1297, 1302 (Fed. Cir. 1993). In particular, in the "ordinary observer" analysis, the patented design is viewed in its entirety, as it is claimed. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1125, 25 U.S.P.Q.2d 1913, 1918 (Fed. Cir. 1993). If features appearing in the figures are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design. *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313, 59 U.S.P.Q.2d 1472, 1475 (Fed. Cir. 2001).

*Id.*

The *Contessa* court not only stressed the importance of each feature claimed in solid lines, but also made clear that ***each figure*** of the patent was a necessary element of the claim. The Federal Circuit held "that the 'ordinary observer' analysis is not limited to the ornamental features of a subset of the drawings, but instead must encompass the claimed ornamental features of all figures of a design patent." *Contessa,* 282 F.3d at 1379.  Phrased slightly differently, a proper design patent construction "limits the scope of the patent to its overall ornamental visual impression, rather than to the broader general design concept." *Oddzon Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).  Accordingly, the proper construction of the '266, '664, and '993 patents requires a description in words of the ornamental features of the cooker shown in Figures 1-7 of these patents.

Notably, the file histories offer little guidance to the proper constructions for the '266, '664, and '993 patents.  As a result, the file histories are not substantively discussed in this brief. For the Court's convenience, however, the file histories for the '266, '664, and '993 patents are included with this brief as Exhibits D, E, and F, respectively.

## II.    Overview Of Design Terminology

Figure A provides a guide to the terminology used in the claim constructions for the '266, '664, and '993 patents.  Figure A is reproduced from Exhibit 12 of the Expert Report of Cooper C. Woodring, FIDSA®, included with this brief as Exhibit G.



**FIG. A**

## III.    '266 Patent Claim Construction

While all figures of the '266 patent are relevant to the proper construction for this patent (included with Ex. A), Figs. 1, 2, and 6 are reproduced below to provide an overview of the design that is helpful in understanding the proper construction for the '266 patent.



4

The proper construction for the '266 patent is:

a straight and vertically sided oval shaped body having thin bands around its top and bottom perimeters,

an opaque and oval shaped insert separating a lid from a body having a generally oval shaped perimeter that has slight concave curves transitioning to outwardly flared end handles and having a material thickness that thins around the insert's entire perimeter,

an opaque round shaped and disc-like knob mounted on a round shaped smaller diameter pedestal or a somewhat mushroom shaped knob,

an opaque round shaped and disc-like skirt that is larger in diameter than the knob, and

a translucent and oval shaped lid having no integral skirt or knob.

(*See* Ex. G at 5.)

One aspect of properly interpreting the drawings of the '266 patent, as well as the '993 and '664 patents addressed below, is an understanding of what elements are opaque and what elements are transparent. The MPEP states in section 1500 (Design Patents), Section 15.48, Item II, "Oblique (or diagonal) line shading must be used to show transparent, translucent and highly polished or reflective surfaces, such as a mirror." This oblique shading, indicating transparency, is included only on the lid of the '266 patent's claimed design, as shown above in Figs. 1, 2, and 6 of the '266 patent.

## IV.    '664 Patent Claim Construction

While all figures of the '664 patent are relevant to the proper construction for this patent (included with Ex. B), Figs. 1, 2, and 6 are reproduced below to provide an overview of the design that is helpful in understanding the proper construction for the '664 patent.



The proper construction for the '664 patent is:

a straight and vertically sided oval shaped body having a thin band around its top perimeter,

an opaque and oval shaped insert separating a lid from a body having a generally oval shaped perimeter that has slight concave curves transitioning to outwardly flared end handles and having a material thickness that thins around the insert's entire perimeter,

an opaque round shaped and disc-like knob mounted on a round shaped smaller diameter pedestal or a somewhat mushroom shaped knob,

an opaque round shaped and disc-like skirt that is larger in diameter than the knob,

a translucent and oval shaped lid having no integral skirt or knob, and

four opaque small cylindrical feet placed in a rectangular pattern on the body's bottom.

(Ex. G at 5-6.)

## V.    '993 Patent Claim Construction

While all figures of the '993 patent are relevant to the proper construction for this patent (included with Ex. C), Figs. 1, 2, and 6 are reproduced below to provide an overview of the design that is helpful in understanding the proper construction for the '993 patent.



The proper construction for the '993 patent is:

a straight and vertically sided oval shaped body having a thin band around its top perimeter,

an opaque and oval shaped insert separating a lid from a body having a generally oval shaped perimeter that has slight concave curves transitioning to outwardly flared end handles and having a material thickness that thins around the insert's entire perimeter,

an opaque round shaped and disc-like skirt that is larger in diameter than the unclaimed knob, and

a translucent and oval shaped lid having no integral skirt or knob.

(Ex. G at 6.)

## CONCLUSION

For the foregoing reasons, West Bend respectfully requests that the Court construe the '266, '664, and '993 patents as set forth above.

Dated: December 1, 2006                  WEST BEND HOUSEWARES, LLC
                                         FOCUS PRODUCTS GROUP, LLC
                                         By their attorneys,


                                         /s/ Erik P. Belt
                                         Michael E. Husmann
                                         Joseph T. Miotke
                                         MICHAEL BEST & FRIEDRICH LLP
                                         100 East Wisconsin Avenue, Suite 3300
                                         Milwaukee, Wisconsin 53202-4108
                                         Telephone:    414-271-6560
                                         Facsimile:    414-277-0656

Lee Carl Bromberg, BBO #058480          Martin L. Stern
Erik Paul Belt, BBO #558620             MICHAEL BEST & FRIEDRICH LLP
BROMBERG & SUNSTEIN LLP                  180 North Stetson Avenue, Suite 2000
125 Summer Street                        Chicago, Illinois 60601-6710
Boston, Massachusetts 02100-1618         Telephone:    312-222-0800
Telephone:    617-443-9292               Facsimile:    312-222-0818
Facsimile:    617-443-0004
E-mail:ebelt@bromsun.com

## CERTIFICATE OF SERVICE

I certify that, on the above date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants

/s/ Erik P. Belt
Erik Paul Belt