# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

THE HOLMES GROUP, INC.,      :
      :
      Plaintiff/Counterclaim-Defendant,  :    Civil Action No.  1: 05-CV-11367 WGY
      :    (Alexander, M.J.)
      v.      :
      :
WEST BEND HOUSEWARES, LLC and  :
FOCUS PRODUCTS GROUP, L.L.C.,  :
      :
      Defendants/Counterclaim-Plaintiffs.  :

## HOLMES' MOTION TO COMPEL THE
## PRODUCTION OF DOCUMENTS BY WEST BEND

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff, The Holmes Group, Inc., now known as Sunbeam, Inc., d/b/a/ Jarden Consumer Solutions, (hereinafter "Holmes"), hereby moves for an order compelling production of product development documents and communications during the time period spanning 2002 and 2004, as well as other equitable relief relating to its claim of willful infringement of its U.S. patents by Defendants, West Bend Housewares, LLC and Focus Products Group, LLC (collectively referred to as "West Bend").

As supported by the accompanying Memorandum, Holmes has requested that West Bend produce all documents relating to the development of its programmable slow-cookers.  Based on West Bend's own documents and the sworn Affidavit and deposition testimony of its officers

and employees, such documents should include internal West Bend e-mails, agendas, meeting notes and summaries, as well as e-mail communications with its Chinese manufacturer and vendor, OEM, between 2002 through the launch of its accused programmable slow-cooker in 2005. However, the earliest communication produced by West Bend relating to the development of the accused product is an e-mail from OEM dated April 12, 2004. No plausible explanation has been offered by West Bend or its counsel why this is the earliest record of its programmable slow-cooker development that has been produced.

The April 12, 2004 e-mail and other communications with OEM during that month, clearly demonstrate that substantial earlier communications must have taken place. The text of the additional e-mail dated April 13, 2004 discusses an earlier meeting at West Bend. The e-mail also includes an attachment showing that West Bend's accused programmable slow-cooker appears to have been fully developed by that date. It is apparent that earlier planning and product development documents, including memoranda, agendas, product and marketing plans and internal communications within West Bend and e-mails with OEM, were either purposely destroyed by West Bend or withheld without reasonable basis or explanation. Also, it is apparent that documents generated between 2002 and April 2004 demonstrating the planning and development of the accused West Bend programmable slow-cookers exist and should have been produced by West Bend.

Accordingly, Holmes respectfully requests an Order compelling the immediate production by West Bend of the omitted documents identified above, including communications relating to the development of the accused West Bend programmable slow-cookers from the years 2002 to April 2004. Additionally, Holmes respectfully requests an Order compelling West Bend to demonstrate that it has made all reasonable efforts, including a professional search of its

computers and backup systems to locate and produce the omitted documents relating to the planning, design and development of the accused West Bend programmable slow-cookers that pre-date April 12, 2004.

Unless these documents are produced immediately, Holmes requests appropriate sanctions in this case, including the finding of a presumption of willfulness and the exclusion of West Bend's opinion of counsel.  Such sanctions would be appropriate since the omitted documents were repeatedly requested and West Bend has failed to provide a plausible explanation why they have not been produced.  Finally, Holmes requests any further relief this Court finds just and equitable under the circumstances.

## REQUEST FOR ORAL ARGUMENT

Holmes' respectfully requests that oral argument be had on the instant motion.

## <u>CERTIFICATE PURSUANT TO CIVIL LOCAL RULES 7.1 AND 37.1</u>

I certify that the undersigned conferred with Defendants' counsel, Joseph T. Miotke, by telephone on January 4, 2006, but was unable to resolve the issues identified in this Motion.

Respectfully submitted,

SUNBEAM PRODUCTS, INC.,
d/b/a JARDEN CONSUMER SOLUTIONS
f/k/a THE HOLMES GROUP
By its Attorneys,

Dated:  January 11, 2007

/s/ Alan M. Sack
Charles R. Hoffmann, Esq. (*Pro Hac Vice*)
CRHDocket@hoffmannbaron.com
Alan M. Sack, Esq. (*Pro Hac Vice*)
AMSDocket@hoffmannbaron.com
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)
GTHDocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike

Syosset, New York  11791-4407
Telephone:  (516) 822-3550
Facsimile:  (516) 822-3582

and

Nicholas J. Nesgos (BBO No. 553177)
nnesgos@pbl.com
Joseph W. Corrigan (BBO No. 647393)
jcorrigan@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts  02199-8004
Telephone:  (617) 973-6100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed by ECF on January 11, 2007.

/s/ Alan M. Sack
Alan M. Sack